CASE 39—PETITION EQUITY—JULY 7.

# Forrest vs. Phillips, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Where a defendant in an execution owning the legal title to property has created a *bona fide* incumbrance thereon, by mortgage, deed of trust, or otherwise, before the execution has created a lien on the same, his interest therein is liable to levy and sale under the execution. But the only interest or right the purchaser at such sale can acquire under his purchase is a lien on the property for the purchase money and interest, at the rate of ten per cent. per annum from the day of sale until paid. (*Rev. Stat.*, 327.)

2. Land was surrendered to the sheriff by the defendant in an execution, by an instrument of writing, to be levied upon and sold under the execution. The land had been, previously to the execution lien, incumbered by mortgage, duly recorded, which embraced other lands and property of the defendant. He gave no notice that the land thus surrendered was incumbered, and it was levied upon and sold as unincumbered property. He made no fraudulent representation. The mortgage debts were satisfied by the other mortgaged property. *Held*—That the purchaser under the execution sale has no other right to the land than a lien for the purchase money and interest at the rate of ten per cent. per annum from the day of sale until paid.

SHUCK, for appellant, cited *Rev. Stat.*, 324; 15 *B. Mon.*, 476; 3 *Mon.*, 272; 2 *Bibb*, 518; 4 *Mon.*, 464; 3 *Bibb*, 216; 13 *B. Mon.*, 507; 8 *Ib.*, 105; 3 *Litt.*, 127; 1 *Dana*, 360; 10 *B. Mon.*, 159; 4 *Mon.*, 235; 2 *B. Mon.*, 254; 10 *Ib.*, 266.

G. A. & I. CALDWELL, on same side, cited 2 *Bibb*, 403; 3 *Ib.*, 218, 219; 4 *Mon.*, 474; 2 *J. J. Mar.*, 34, 35; 9 *Dana*, 325; *Act of* 1828, 1 *Stat. Law*, 653; *Rev. Stat.* 327; 8 *Dana*, 199; 4 *J. J. Mar.*, 588; 2 *B. Mon.*, 256.

PIRTLE & BALLARD and E. S. WORTHINGTON, for Phillips, cited *Rev. Stat.*, 327; 8 *Dana*, 199; 18 *B. Mon.*, 60.

JNO. M. HARLAN, for Farmers' Bank, cited *Rev. Stat.*, 327.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

In November, 1854, an execution came to the hands of the sheriff of Jefferson county against H. H. Phillips and others. By a writing dated the 21st November, 1854, Phillips requested and directed the sheriff to levy the execution "upon the undivided interest of said Phillips of, in, and to 500 acres of land lying in Jefferson county, Kentucky, about six miles south

of the city of Louisville," &c., and to "sell the same under said execution."

The interest of Phillips thus surrendered, being an undivided third of the 500 acres of land, had been previously mortgaged by him to Rudd and others, to secure several large debts mentioned in the mortgage, which had been regularly recorded, and which embraced other lands and property of Phillips.

The undivided interest of Phillips was sold by the sheriff under the execution, and Forrest became the purchaser at $450.

In a suit brought by Rudd, &c., to foreclose the mortgage which had been executed by Phillips, Forrest was made a party. He answered, setting up his purchase under the execution, and claiming the undivided interest of Phillips in the 500 acres of land.

Phillips answered, resisting the claim of Forrest upon various grounds not necessary to notice specially.

In the progress of the case a judgment was rendered in favor of the mortgagees, Rudd and others, and subjecting to sale the property mortgaged, exclusive of the undivided interest in question; the property so subjected was sold, and the proceeds satisfied the mortgage debts.

Upon final hearing, the chancellor was of opinion that Forrest acquired only a lien on the land purchased by him for the amount of his bid, and interest thereon at the rate of ten per centum per annum from the date of his purchase until paid, and rendered a judgment accordingly. From that judgment Forrest has appealed.

He insists that he was entitled to a judgment for the land itself, and not merely to the purchase money and interest, and a lien therefor, as awarded by the chancellor.

By the Revised Statutes, (*sec.* 1, *art.* 15., *page* 327,) "when the defendant in an execution shall have owned the legal title in any real or personal estate, and have created a *bona fide* incumbrance thereon, by mortgage, deed of trust, or otherwise, before an execution has created a lien on the same, the *interest* of the defendant in such property may be levied on and sold, subject to such incumbrance. The purchaser at the sale shall acquire a lien on such property for the purchase money, and

interest after the rate of ten per centum per annum from the day of sale until paid, subject to the prior incumbrances."

Now it cannot be denied that the *interest* of Phillips which was levied on and sold in this case, is clearly embraced by the terms of this statute. He owned the legal title, and had created a *bona fide* lien thereon by mortgage, before the execution issued, and which lien was still subsisting at the time of the purchase by Forrest under the execution sale. It follows that the only right acquired by Forrest, in virtue of his purchase, was a lien on the property for his purchase money, and interest thereon at the rate fixed by the statute until paid, unless there be something else in the record which can be regarded as having had the effect to enlarge that right.

The matter chiefly relied on by the appellant as operating to avoid the effect of the statute referred to, is the writing before mentioned, by which Phillips directed the sheriff to levy the execution upon his undivided interest in the land described in the writing. It is said that this was an unqualified surrender of the undivided interest, without reference to any incumbrance upon it, and that Phillips is estopped to deny that such interest was unincumbered, and cannot, therefore, avail himself of the privileges conferred by the statute.

This position cannot be maintained. The incumbrance upon the property in question was matter of record, and Forrest, as well as the sheriff, and all others concerned, had, therefore, constructive notice of the existence of such incumbrance. It appears from the record that Phillips owned various other parcels of real estate in the county, all of which were embraced by the same mortgage, and the direction to the officer to levy the execution upon the interest of the defendant in this particular tract, cannot be regarded as anything more than a designation of the property which he wished subjected to levy and sale. This undivided interest, as well as all the other property embraced in the mortgage, was, by the statute, liable to be sold under execution, notwithstanding the incumbrance, and there is nothing in the record showing that Phillips owned any other estate, real or personal, that was subject to execution.

Regarding the writing then as a mere designation of the property out of which he wished the execution satisfied, was

Phillips bound to declare in the writing, or to give notice to the sheriff in any other mode, that the property was incumbered? And did his failure to do either, operate to invest the purchaser of the property so surrendered with a complete title in fee, notwithstanding the express terms of the only statute which authorizes the sale of incumbered property, and which, as we have seen, expressly limits the right acquired by the purchaser, in such cases, to a mere lien on such property, with interest, &c.?

Phillips was not bound to notify the sheriff of the existence of the incumbrance, because, as already intimated, the registration of the mortgage in 1850 had furnished constructive notice of its existence, and it would be going much too far to say, that the failure of Phillips to give to the sheriff additional notice of a fact which he must be presumed to have known at the time the levy was made, must be deemed conclusive, or even *prima facie* evidence of a fraudulent purpose on the part of Phillips. But suppose the latter had been guilty of a positive fraud, by representing to the sheriff that the property surrendered was clear of all incumbrance, what penalty would he have incurred thereby, and what additional rights would such fraud on his part have invested the purchaser with in view of the provisions of the statute which has been quoted? The case before us, as presented by the record, does not demand an answer to these questions; but we are by no means prepared to admit that the consequences would be such as are contended for in argument here.

A radical change in the law regulating the sale of incumbered property under execution has been effected by the Revised Statutes, *supra*. By the act of 1828, (1 *Stat. Law*, 653,) the interest of a defendant in execution, in property which he had previously conveyed by deed of trust, mortgage, or other incumbrance, was made liable to sale under execution, and the purchaser of such property took it, subject to the incumbrance, and might " pay off and discharge such incumbrance, and thereby *perfect his title* thereto," &c. And where the property sold was real estate, the mortgagor might redeem in twelve months.

But, under the Revised Statutes, the purchaser acquires a very different interest in the estate sold. He "shall acquire a lien on such property for the purchase money and interest after the rate of ten per centum per annum from the day of sale until paid." This is the only interest or right he can acquire under his purchase. The statute must not be understood as conferring upon the defendant in the execution a privilege of redemption merely; the object seems to have been, as the language imports, to define and limit the precise nature and extent of the right which the purchaser should acquire, under execution sales of incumbered property. And it seems to us, that in determining the interest which a purchaser under such sale has acquired, the only question is, whether the defendant in the execution had, in the language of the statute, created a *bona fide* incumbrance on the property, by mortgage, deed of trust, or otherwise, before the execution had created a lien on the same. If he had, it follows that the purchaser acquires, not the title to the property sold, but to a lien for his purchase money and interest. And to say that because the property had been surrendered by the defendant, without giving express notice of the registered incumbrance, or because the property had not been levied on or sold *as* incumbered property, the purchaser should thereby acquire, as against such defendant, an absolute right to the property, by removing the incumbrance, or causing it to be removed, would be, in our judgment, to give to the statute a constructive effect not warranted by its language or policy.

The validity of the incumbrance in this case has not been questioned. It had been created long before the execution under which Forrest purchased had issued. It was the subject of the very action in which the claim of Forrest was asserted, and was discharged by a judgment in the action, which subjected other property to the satisfaction of the debts of the mortgagees. There is no proof of any fraud, or of any fraudulent representations or concealment on the part of Phillips in surrendering to the sheriff his interest in the five hundred acres of land. And under these circumstances we are of opinion that the appellant was entitled to no other relief than that which was awarded him by the judgment complained of.

We have not deemed it necessary to remark upon the various cases cited in argument, in which it has been held that a defendant, who surrenders for sale under execution land in which he had but an equitable interest, and which was, therefore, *not subject to the execution,* is, nevertheless, estopped by this act to resist the claim of the purchaser under such sale in an action of ejectment. The principle upon which the estoppel in such cases has been made to rest, has no application to the questions we have been considering.

Phillips is entitled to no relief upon his cross-appeal. No valid tender on his part has been shown; and although the appellant failed to obtain all the relief he asked, yet he succeeded in the suit, and was entitled to his costs.

The judgment is therefore affirmed.