NATHANIEL J. BRADLEE *vs.* DANIEL APPLETON & others.

A testator bequeathed a sum of money to trustees, to hold and invest the same, "and to pay over the net income thereof semiannually from my decease to my granddaughter until she shall arrive at the age of twenty one years or be married; and upon her marriage the same to be paid wholly over to her, together with any accumulated interest unpaid thereon; and if at the said age of twenty one years she shall still remain unmarried, then to be paid over to such other trustee as she may select, to be held by such new trustee on the like trust, and to pay over to her the net income thereof in like manner until she shall be married, and the same upon the event of her marriage to be wholly paid over to her; and upon her decease without issue living, the said principal sum to be divided among my lawful heirs then living." The granddaughter married after arriving at twenty one years of age, and did not appoint a new trustee. *Held,* that on her marriage the principal sum, with its accumulations, must be paid over to her.

BILL IN EQUITY by the trustee under the will of Enoch Silsby, to obtain a construction of the sixth clause of his will, which was as follows:

" I do further give, devise and bequeath unto my said executors and trustees the further sum of five thousand dollars, to be held and invested by them in strict trust, and to pay over the net income thereof semiannually from my decease to my beloved granddaughter Alice Silsby Emmons, until she shall arrive at the age of twenty one years or be married; and upon her marriage, the same to be paid wholly over to her, together with any accumulated interest unpaid thereon; and if at the said age of twenty one years she shall still remain unmarried, then to be paid over to such other trustee as she may select, to be held by such new trustee on the like trust, and to pay over to her the net income thereof in like manner until she shall be married; and the same upon the event of her marriage to be wholly paid over to her; and upon her decease without issue living, the said principal sum to be divided among my lawful heirs then living."

Alice Silsby Emmons was a minor at the time of the death of the testator, and on arriving at the age of twenty one had not been married, and did not elect or appoint a trustee to hold the above sum, but the same continued to be held by the former trustees, of whom the plaintiff was duly appointed successor.

Afterwards she married Daniel Appleton; and they claimed that the principal sum, with the accumulations, should be paid over to her. The testator's heirs at law contended that she was only entitled to the income of the fund, and that in the event of her death without issue, the principal sum should be paid to those of them who should then be living.

The case above stated was reserved by *Hoar*, J. for the decision of the full court.

*C. T. Russell*, for the granddaughter.

*S. E. Sewall*, for the heirs at law.

CHAPMAN, J. The decision of this case depends entirely upon the construction to be given to the sixth clause of Enoch Silsby's will. We think it is the principal sum of five thousand dollars, that is to be paid to the legatee upon her marriage. Nothing else can have accumulated interest unpaid thereon as incident to it. Nothing else can be referred to as the sum to be paid over to such new trustee as she may select, unless we adopt the absurd idea that such new trustee is to receive merely the net income, and pay her the net income of that. What such trustee is to receive is the same which she would receive upon her marriage before coming of age. It is also the same which such trustee is to pay over to her in case of her subsequent marriage. The disposal of it to the heirs of the testator, in case of her decease without issue living, is not necessarily contradictory to any intention before expressed; because, in case of her death without issue and unmarried, some further disposition of it would seem to be necessary. And even if it is to go to the heirs of the testator after her death, still it is to be paid over to her. *Homer* v. *Shelton*, 2 Met. 194. The trustee should pay it to her, and his costs, as they shall be allowed by the court, are to be charged upon the fund. *Decree accordingly.*