### JAMES P. LYNDE *vs.* BENJAMIN ESTABROOK.

A testator, after providing for the payment of his debts and giving a pecuniary legacy to each of his children, devised and bequeathed all the rest and residue of his estate, both real and personal, to his wife, " to be used, managed and improved by her at her discretion, and for the benefit of herself and children before named, so long as she shall remain my widow, and no longer," with a specific provision for her in case she should marry

Lynde *v.* Estabrook.

**again,** and added: "It is furthermore my will that all of my said estate, both real and personal, which shall remain at the decease or marriage of my said wife shall be equally divided between my said children then living, and the heirs of any deceased child." The personal property was not productive, and the bulk of it was such as would be consumed by using it. *Held,* that she had the right in her discretion to use and consume the personal property for the purposes named, without liability to account therefor.

APPEAL by the administrator *de bonis non* with the will annexed of the estate of Abel Bigelow, from the decree of the judge of probate, allowing the account of Benjamin Estabrook, as administrator of the estate of Eunice Bigelow, who was surviving executrix of the estate of her late husband, Abel Bigelow; the said account showing that no part of the estate of said Abel remained in her hands at the time of her death, or in his, as her administrator.

It appeared at the hearing in this court that under the will of Abel Bigelow, the material portions of which are copied in the opinion, the executors named therein, of whom the widow was one, settled an account in the probate court in May 1843, exhibiting a balance of $791.62 in their hands, the same being various articles of personal property, named in the inventory of the estate. These articles, consisting of a horse, wagons, carts, other domestic animals, wood, hay, grain, provisions, farming utensils, household furniture, &c., were taken by the widow as legatee under the will. Her family consisted of herself and her nine children, five of whom died while minors. She remained a widow until her death. The appellee offered to prove that she expended the whole of said balance, and more, in the support and maintenance of her husband's family, and in the education of the children. This claim was denied by the appellant, who offered to show that the family was supported from other sources.

The case was reserved by *Merrick,* J. for the determination of the whole court.

*G. F. Hoar,* for the appellant, cited *Blanchard* v. *Blanchard,* 1 Allen, 225 ; *Dole* v. *Johnson,* 3 Allen, 364 ; *Andrews* v. *Bank of Cape Ann,* Ib. 313 ; *Rich* v. *Rogers,* 14 Gray, 174; *Johnson* v. *Bridgewater Iron Co.* Ib. 274 ; *Miller* v. *Congdon,* Ib. 114; *Barrus* v. *Kirkland,* 8 Gray, 512; *Albee* v. *Carpenter,* 12 Cush.

382, 387; *Dalton* v. *Savage*, 9 Met. 36; *Prescott* v. *Prescott*, 7 Met. 145; *Larned* v. *Bridge*, 17 Pick. 339; *Field* v. *Hitchcock*, Ib. 182; *Dorr* v. *Wainwright*, 13 Pick. 328; *Blanchard* v. *Brooks*, 12 Pick. 63; *Davison* v. *Gates*, 11 Pick. 247; *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 247; *Jubber* v. *Jubber*, 9 Sim. 503; *Thorp* v *Owen*, 2 Hare, 607; *Smith* v. *Bell*, 6 Pet. 68.

*P. C. Bacon & P. E. Aldrich,* for the appellee, cited, in addition to some of the above cases, *Burbank* v. *Whitney*, 24 Pick. 155; *Merrill* v. *Emery*, 10 Pick. 512; *Minot* v. *Prescott*, 14 Mass. 496; *Ide* v. *Ide*, 5 Mass. 500; *Jackson* v. *Robins*, 15 Johns. 169; *Jackson* v. *Bull*, 10 Johns. 19; *Ramsdell* v. *Ramsdell*, 21 Maine, 293.

CHAPMAN, J. The first clause in the will of Abel Bigelow directs the sale of his saw-mill, in order to raise a fund for the payment of his debts. By the next clause, he gives to each of his children a legacy of one hundred dollars, and authorizes the sale of real estate for the payment of the same, if the proceeds of the saw-mill and his other moneys shall prove insufficient. The remaining clauses are as follows:

" Item. And as to all the rest and residue of my estate, both real and personal, I do give, demise and bequeath the same to my beloved wife, Eunice Bigelow, to be used, managed and improved by her at her discretion, and for the benefit of herself and children before named, so long as she shall remain my widow and no longer, provided, nevertheless, that if said Eunice shall hereafter marry, then it is my will that she shall take all the furniture that she brought to me at the time of our marriage and the sum of seventy-five dollars in cash.

" Item. It is furthermore my will that all of my said estate, both real and personal, which shall remain at the decease or marriage of my said wife, shall be equally divided between my said children then living, and the heirs of any deceased child, if any of them shall die before the happening of such event. And I do demise and bequeath the same accordingly to them and their heirs and assigns forever.

" Item. I do hereby constitute and appoint my said wife, Eunice Bigelow, and my friend, James Humphreys, to be joint

executors of this my last will and testament, hereby revoking all previous wills by me made." ·

The residue of his personal estate which came into the hands of his executors amounted in value at the appraisal to $791.62. It consisted principally of household furniture, stock, farming tools, hay and grain; and Eunice Bigelow took possession of it, giving a receipt therefor, and claiming that she was entitled to it as legatee. The question arising in this case is, whether this claim was valid.

The rest and residue of the estate was given to her " to be used, managed and improved by her at her discretion, and for the benefit of herself and children," so long as she should remain the widow of the testator. If the residue had consisted of money or stocks, this clause would not give the widow a right to consume the property. The will further provided that if she should thereafter marry, she should take only the furniture she brought to the testator at her marriage and seventy-five dollars in cash. This clause also, taken by itself, tends to show that she was not to consume the property.

But the next clause provides that " all the estate which shall remain" at her decease or marriage shall be divided equally among her children and their representatives. This clause implies that after using it at her discretion it might not all remain. Taking it in connection with the nature of the property, much of which would be consumed by using, as the hay and grain, for example, and considering that she was not required to turn any of it into money, but was to use it at her discretion for the benefit of herself and children, the court are of opinion that the testator intended that she should take the specific property with the right to use it by consuming it so far as such use would be proper, and leaving her to exercise her own judgment in the matter. Most of the household furniture, and perhaps some of the stock, would be likely to remain, at her decease or marriage, for her children. In construing the legacy, the fact that none of the property was a proper subject of investment or production of income is of some importance. *Dole* v. *Johnson*, 3 Allen, **366.** So also is the fact that it is only " the estate which shall

remain" that is given to the children. *Harris* v. *Knapp*, 21 Pick. 412. Indeed this is in the present case the controlling clause. It would be very difficult, without it, to maintain the construction we have given to the bequest.

Upon this construction, it was proper for the widow to take the property as legatee, without giving bond to the executors. *Homer* v. *Shelton*, 2 Met. 194. They are not responsible to her children or their representatives for its preservation, and it should be credited to them in their account.

*Decree of the probate court affirmed.*