JUDGE PRYOR
delivered the opinion oe the court.
David Emison and Benjamin Emison, being about- to engage in the business of distilling, executed a bond to the United States of America, conditioned as required by law, with William A. Atkins and John M. Smith their sureties.
An action was instituted on this bond in the Circuit Court of the United States in and for the Sixth Circuit and Kentucky District, and a recovery had against the Emisons as principals and Atkins and Smith, the sureties, for the sum of one thousand and fourteen dollars, with interest from the 24th of February, 1872, and forty-three dollars costs.
An execution was issued on this judgment, and by the proper officer levied on a tract of fifty-four acres of land in *11 Scott County, as the property of Benjamin Emison, one of the principals, subject to a mortgage thereon in favor of Lucy Hancock for one thousand five hundred dollars. The land was sold subject to this lien, and purchased by the appellant, William A. Atkins, one of the sureties, for the debt, interest, and costs. He afterward paid the debt on an execution issued on his sale-bond, and the same was indorsed by the marshal satisfied in full.
Atkins then instituted the present action in equity against the two Emisons, as well as his co-surety Smith in the original bond, and also Lucy Hancock, seeking to enforce his lien upon the mortgaged property by reason of his purchase under the execution.
It is alleged in the petition, among other things, that the mortgage to Lucy Hancock was fraudulent, and that if any debt ever existed on the part of the Emisons to her, it has long since been paid off. The defendants are each and all called on to make full disclosure in relation to the consideration of the notes intended to be secured by the mortgage. It is further alleged that the co-surety, John M. Smith, purchased after the sale, under the execution to appellant, .ten acres of the same tract of land, under a judgment in a court of equity subjecting it to a vendor’s lien; that the purchase by Smith, although ostensibly for himself, was for the benefit of the Emisons, and held by him for the use of the latter in order that they might avoid the payment of their debts; and that David Emison was then in possession.
He asks for a judgment subjecting the land to the payment of his debt, disregarding the mortgage to Mrs. Hancock; and if that proves insufficient, he asks for a personal judgment against the Emisons for the remainder, and that the tract of land purchased by Smith for them be subjected to its payment.
A general demurrer was filed to the petition by all the defendants. A special demurrer was filed by Lucy Hancock, *12 counsel insisting that the appellant, having purchased under the execution subject to the mortgage, is now estopped to deny its validity.
It is also argued upon demurrer for the Emisons and Smith that when the appellant purchased under the execution, having bid the full amount thereof, he released them (the original obligors) from all liability, and his only remedy consists in his right to enforce his lien upon the land mortgaged for the amount paid on his purchase, except that portion of it sold to satisfy the vendor’s lien. The court below sustained the general demurrer and dismissed appellant’s petition.
The facts alleged present a cause of action. The original proceeding by which the judgment and execution were obtained by the government against the obligors in the bond is fully set forth; the sale of the land under the execution by the marshal subject to the mortgage is alleged, and the purchase and payment of the money by the appellant as well as the failure of the obligors or the owner to redeem it.
It has been repeatedly held by this court that since the adoption of the Revised Statutes the purchaser at the sale of real or personal estate upon which there was a bona fide encumbrance by mortgage, etc., acquired only a lien on the property for the purchase-money paid by him and ten per cent interest, subject to the prior encumbrance. This is in fact the language of the act itself. (1 Revised Statutes, p. 488, art. 15, sec. 1; Forrest v. Phillips, &c., 2 Met. 194; Covington Bridge Company v. Walker, 2 Duvall, 150.)
The defendants in the execution having failed to redeem the land, the only remedy left the appellant for the collection of his money was in resorting to a court of equity to enforce his lien, and in doing so it was incumbent on him to make all the parties interested defendants to the action. Lucy Hancock and Benjamin Emison were both necessary parties, for the reason that the one held the mortgage and the other *13 owned the land upon which these encumbrances had been created.
If the land when sold by the chancellor more than satisfied the debts, or if there was any left after satisfying their liens, it belonged to Benjamin Emison, as he had never parted with the title except such as was vested in the mortgage.
The legislature never intended by the act in question to deprive the owner of his title; but, on the contrary, not only permitted him to redeem it, but gave to the purchaser only a lien subordinate to the bona fide encumbrances preceding it; and in the disposition of the property or its' proceeds, under the judgment of a court of equity enforcing these liens, the remnant of the mortgaged estate belongs to the mortgagor.
This lien for the purchase-money, made so by reason of the statute, is in effect a junior mortgage, with the exception that when the purchaser acquires this lien by sale under execution it extinguishes the original debt, and the liability on the part of" the execution debtor no longer exists. The debt or execution having been satisfied, the purchaser must look to the property on which this lien exists by reason of the execution sale for his indemnity, and nowhere else, as he agrees in making the purchase to pay the debt for the lien subject to the prior encumbrance. If the land fails to satisfy the lien, the loss is on him and not on the original debtor, and therefore the appellant is not entitled to a personal judgment. Emison can not be made liable, for the reason that the execution against him has been satisfied, and the purchaser has obtained all he purchased.
There is no rule of equity, however, nor any provision of the statute creating this lien, precluding the appellant from assailing the mortgage executed to Lucy Hancock on the ground of fraud, or from showing that the debt it was intended to secure has been fully paid off by Emison. His lien is upon the whole land, subject to this encumbrance, and when *14 the lien created by the mortgage is removed, either by the payment of the money or the judgment of the chancellor, the whole tract may be sold, if necessary to satisfy that execution lien, unless the ten acres sold to satisfy the vendor’s lien was purchased by Smith for himself and not Benjamin Emison.
On demurrer the allegations of the petition are taken as true; and it being expressly alleged that this vendor’s lien was discharged by the purchase of Smith for Benjamin Emison of the ten acres, and that the former was holding the title to avoid the payment of Emison’s debts, this purchase must result as a discharge of the lien, and inure to the benefit of those that were subordinate to the vendor’s lien for the purchase-money. If the ten acres were purchased by David Emison or by Smith in good faith, and not as alleged, they must hold the property, as the vendor’s lien under which they purchased was superior to the liens of either Lucy Hancock or the appellant. These parties are not debtors to either the original execution creditor or to the purchaser under the execution, nor is Benjamin Emison a debtor; but if he has paid off liens on this tract of land owned by him that were superior to the mortgage or to the lien of appellant, or Smith has done so for him, he will not be substituted to the rights of his vendor, and thus defeat the subsequent liens of Lucy Hancock and the appellant. Therefore, if this vendor’s lien has been removed by Benjamin Emison, and the mortgage paid off or is fraudulent, the appellant can subject the whole land to the payment of his debt; but if the mortgage is a valid subsisting lien, he must sell, as he purchased, subject to it.
It results therefore that the court below erred in sustaining the demurrer and dismissing appellant’s petition.
The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.