CASE 58.—ACTION BY W. B. FLANDERS, &C. V. JOHNSON WILSON, &C., TO RECOVER LAND SOLD UNDER EXECUTION.—JAN. 14.

# Wilson and Others v. Flanders and Others.

APPEAL FROM BATH CIRCUIT COURT.

JUDGMENT DENYING DEFENDANTS' MOTION TO FILE ANSWER AND AWARDING PLAINTIFF POSSESSION OF THE LAND AND DEFENDANTS APPEAL. REVERSED.

EXECUTION SALE—PRIOR INCUMBRANCES—DELAY IN FILING PLEADING —POSSESSION OF PURCHASER.

Held:   1. Where an answer to a motion, under Kentucky Statutes, section 1689, by the execution purchaser for possession of land, was not tendered until the term succeeding the motion, but an affidavit showed that respondent was between eighty-one and eighty-two years of age, and that his age and feebleness prevented an earlier offer to file the answer, refusal to permit the filing was error.

2  Kentucky Statutes, section 1689, provides that the purchaser of lands sold under execution, and not redeemed within one year, shall have the right, after obtaining a conveyance, to enter a motion, on ten days' notice, for possession of such lands. Section 1709, subsec. 1, provides that, if the lands so sold are incumbered, the purchaser at the sale shall acquire a lien for the purchase money and interest, subject to prior incumbrances. Subsection 3 provides that the defendant in the execution may redeem the property so sold by paying the original incumbrance with legal interest, and by paying the purchaser his purchase money with interest. HELD that, where land sold at an execution sale was incumbered, the purchaser had no right to possession under section 1689, but that the execution defendant might redeeem at any time during the continuance of the original incumbrance; the execution purchaser acquiring only a lien subordinate to such incumbrance.

TURNER & HAZELRIGG, FOR APPELLANTS.

POINTS AND AUTHORITIES.

1. The purchaser at execution sale of encumbered real estate, who only acquired a lien thereon under section 1709, Kentucky

Wilson and Others v. Flanders and Others.

Statutes, is not entitled to possession thereof after the notice required by section 1689, Kentucky Statutes; but inasmuch as he only has a lien, and a subsidiary lien at that, his remedy is by suit in equity, to which all those interested must be parties, so that the rights and equities of all parties may be considered and equitably adjusted. Kentucky Statutes, sec. 1709, subsec. 5; Johnson v. Johnson, 22 Ky. Law Rep., 43; 1 vol Rev. Stats. p. 488, art. 15, sec 1; Atkins v. Emison, &c., 10 Bush, 12.

2. The sheriff who makes such an execution sale of encumbered real estate has no authority to convey same to the purchaser thereunder, who only becomes a lien holder; and especially has he no power to deprive the execution defendant of the right to redeem which is expressly given by subsection 3 of section 1709, Kentucky Statutes.

C. E. COONS & C. W. GOODPASTURE, for appellee.

The only points the court will be called upon to determine are:

1. Can a person mortgage his land for an indefinite period, and compel all his creditors to wait the termination of the mortgage lien before possession of the debtor's property can be had upon a sale under execution?

2. Should appellant be correct in his contention of the law his pleading is defective. He does not plead any consideration for the mortgage, any obligation or indebtedness existing from Wilson to McCue, and secured by mortgage that the court may judge from the facts set out, and not from his conclusions that the mortgage is valid and *bona fide*.

3. The demurrer to the petition and answer of Sarah Wilson was properly sustained. She says it was her land and was paid for by her money, but sets out no equitable reason why the title was not taken to her, nor any fraud or mistake or ignorance of the act of her husband, or any reason why she should be preferred to her husband's creditors. If she permits her husband to invest her money in land, taking title to himself, and permits creditors to extend credit to him on the faith of this evidence of his being solvent, she is estopped to claim the land after execution is levied thereon and same sold for her husband's debts.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

Appellees, W. B. Flanders and others, judgment creditors of the appellant Johnson Wilson, caused executions to be levied on 11 acres of land in Bath county of which he was

Wilson and Others v. Flanders and Others.

the owner. On April 10, 1899, it was sold by the sheriff, and appellees became the purchasers. After procuring of the sheriff a deed of conveyance to the land, appellee gave appellants written notice, as provided in section 1689, Kentucky Statutes, that they would on February 23, 1900, enter motion in the Bath circuit court for judgment for the possession thereof, which motion appears to have been duly made on the day named in the notice. The executions and sheriff's deed do not appear in the record, but, as the motion for possession was made before the end of the year succeeding the execution sale, it may be inferred that the land brought two-thirds of its appraised value. By the petition of Johnson Wilson's wife, which was taken as her answer, and filed on the day the motion was entered, she was made a party to the proceedings, and claimed to own the land; but a demurrer was filed to the answer at the following term, and properly sustained, as the facts herein alleged failed to show title in her. During the latter term, and before the demurrer to Mrs. Wilson's answer was sustained, appellant Johnson Wilson offered to file an answer, and later an amended answer, to appellees' motion, in which he set up title in himself to the land, and the existence of a mortgage thereon to one James McCue, to secure a $3,500 note held by him. The court refused to permit either the answer or amendment to be filed, but forthwith rendered judgment giving appellees possession of the land, and requiring appellants to pay the costs. From that judgment, appellants prosecute this appeal.

While much is alleged in the answer and amendment by way of conclusion, they do not present the material facts. First, that a *bona fide* incumbrance in the mortgage to McCue of $3,500 exists on the land, which is of a date antecedent to the levy and sale under appellees' executions;

and, second, that the mortgage debt is unpaid. It is true that the answer was not tendered until the term succeeding the motion for the writ of possession was made, but an affidavit filed by his attorney shows that Wilson's age and feebleness (he was then 81 or 82 years of age) prevented an earlier offer to file it. So we are of the opinion that the lower court erred in refusing to permit the answer and amendment to be filed.

The mortgage to James McCue was executed December 30, 1893, by appellants Johnson Wilson and Thomas Johnson, and embraced, in addition to the 11 acres in controversy, several parcels of land in Bath and Montgomery counties owned by them jointly, the consideration being a note of $3,500 given for money loaned the mortgagors by the mortgagee, which note, by the terms of the mortgage, can not be "collected by law for twenty years." The genuineness of this mortgage appears to have been established by judgment of the Montgomery circuit court, where it was attacked upon the ground of fraud in an action instituted by appellees and others, judgment creditors of appellant, and the judgment of the circuit court was thereafter affirmed by this court. See Johnson v. Johnson, 22 R., 43, 56 S. W., 644.

As already stated, appellees' notice and motion for the writ of possession were based upon section 1689 of the Kentucky Statutes, which provides that "the purchaser of lands sold under execution and not redeemed as provided for in this article [that is, within a year from the date of sale], shall have the right after obtaining a conveyance therefor [sheriff's deed] upon ten days' notice in writing to the defendant in the execution whose lands have been so sold, to enter a motion on the docket of the circuit court of the county where the lands are situated for a judgment for

the possession of such lands." It will be observed that the lands referred to in this section are such as are unincumbered by prior liens when sold under execution, for if incumbered, the purchaser at the execution sale will not be entitled to the possession, but acquires by his purchase a lien as provided by subsection 1 of section 1709, wherein it is expressly declared that "the purchaser at the sale shall acquire a lien on such property for the purchase money, and interest, at the rate of ten per centum from the day of sale until paid, subject to the prior encumbrances." Subsection 3 provides that "the defendant in the execution may redeem the property so sold by paying the original encumbrance with legal interest thereon, and by paying the purchaser his purchase money with ten per centum per annum interest thereon." The right of redemption here provided for seems to be extended beyond the time fixed by the statute in sales of unincumbered lands under execution, which is one year, and may be exercised by the defendant at any time during the continuance of the original incumbrance and the lien in favor of the purchaser under execution. The present statute (section 1709) was re-enacted from the Revised Statutes (volume 1, p. 488, art. 15, section 1), and is in language substantially the same; and this court, in Atkins v. Emison, 10 Bush, 13, in construing that statute, said: "It has been repeatedly held by this court that since the adoption of the Revised Statutes, the purchaser at the sale of real or personal estate upon which there was a *bona fide* incumbrance by mortgage, etc., acquired only a lien on the property for the purchase money paid by him and ten per cent. interest, subject to the prior incumbrance. This is in fact the language of the act itself. The defendants in the execution having failed to redeem the land, the only remedy left the appellant [pur-

chaser] for the collection of his money was in resorting to a court of equity to enforce his lien, and in doing so it was incumbent on him to make all the parties interested defendants to the action. . . . The Legislature never intended by the act in question to deprive the owner of his title, but, on the contrary, not only permitted him to redeem it, but gave to the purchaser only a lien subordinate to the *bona fide* incumbrances preceding it, and in the disposition of the property, or its proceeds, under the judgment of a court of equity enforcing these liens, the remnant of the mortgaged estate belongs to the mortgagor. . . . This lien for purchase money, made so by the statute, is in effect a junior mortgage, with the exception that, when the purchaser acquires this lien by sale under execution, it extinguishes the original debt, and the liability on the part of the original execution debtor no longer exists. The debt or execution having been satisfied, the purchaser must look to the property on which this lien exists by reason of the execution sale for his indemnity, and nowhere else, as he agrees in making the purchase to pay the debt for the lien subject to the prior incumbrance." We are of opinion, therefore, that appellees are not entitled to the possession of the land sold under their executions, but that they have only a lien thereon subordinate to the mortgage lien of McCue; and although the latter's lien can not be enforced until the expiration of the 20 years' time allowed by the mortgage for the payment of the note named therein, as it is further provided in the statute (subsection 5, section 1709 ) that "courts of equity shall have control of all encumbered property sold under execution, and the power to make all needful orders for the preservation and forthcoming of the property, and its issues and profits, to satisfy the encumbrance, and to secure the rights of others," the chancellor, under

the power thereby conferred, may, in an equitable action, with all the parties in interest before the court, grant such orders as will preserve the liens, and protect the rights of the parties, or he may, as provided by section 1691 of the statute supra, in this proceeding, and upon the return of the cause to the lower court, require such pleadings to be filed, and parties brought before the court, as may be necessary to a final equitable judgment in respect to the rights of all the parties interested.

Judgment reversed, and cause remanded, with direction to the lower court to permit the answer and amended answer of Johnson Wilson to be filed, and to set aside the order awarding to appellees possession of the land, and for such further proceedings as may not be inconsistent with this opinion.