## Due v. Bankhardt.

(Decided January 21, 1913.)

Appeal from Kenton Circuit Court.
(Common Law and Equity Division.)

Execution—Sale Under—Purchaser of Encumbered Property—When Action Must Be Brought to Enforce Lien Acquired.—The plaintiff in an execution having purchased at the execution sale, property incumbered by a mortgage, acquires only a lien on the property for his debt with interest at 10% until paid, and must bring an action to enforce his lien within five years, the liability being one created by statute, although the mortgage has not matured and is unsatisfied.

CHAS. H. FISK, for appellant.

W. McD. SHAW and SHAW & WARE, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

In the year 1893 William C. Due secured a judgment against Dora Bankhardt; execution issued on the judgment, and was levied on certain real estate owned by her which was subject to a prior mortgage executed in 1889 to a building association. A sale was had under the execution, and the plaintiff became the purchaser on January 29, 1894, for the amount of his debt. The mortgage to the building association matured and was satisfied on October 22, 1907. On June 21, 1911, he brought this suit against Dora Bankhardt to enforce his lien on the property. She pleaded the statute of limitation. The circuit court sustained the plea, and dismissed the action. He appeals.

The statute governing the sale of encumbered property under execution, among other things, provides:

"When the defendant in an execution owns the legal title to land encumbered by lien for the purchase money, or who shall own the legal title in any real or personal estate, and shall have created a bona fide encumbrance thereon by mortgage, deed of trust or otherwise, before an execution has created a lien on the same, the interest of the defendant in such property may be levied on and sold, subject to such encumbrance.

"1. The purchaser at the sale shall acquire a lien on such property for the purchase money, and interest at the rate of ten per centum per annum from the day of sale until paid, subject to the prior encumbrances.

"3. The defendant in the execution may redeem the

property so sold by paying the original encumbrance, with legal interest thereon, and by paying the purchaser his purchase money, with ten per centum per annum interest thereon.

"5. Courts of equity shall have control of all encumbered property sold under execution, and the power to make all needful orders for the preservation and forthcoming of the property, and its issues and profits, to satisfy the encumbrance, and to secure the rights of others." (Ky. St., Sec. 1709.)

The land being encumbered by the mortgage, Due, by reason of his purchase at the execution sale, obtained only a lien on the land for the purchase money and interest at 10% per annum from the day of sale until paid subject to the prior encumbrance. The execution debtor had a right to redeem the property by paying the purchaser his purchase money with ten per cent per annum interest thereon. Ordinarily when land is sold under execution, the defendant must redeem within one year, but this rule does not apply where land encumbered by a lien is sold under execution. In such cases the owner may redeem at any time while the lien exists, and courts of equity have control of the property and the power to make all needful orders for its preservation and for the forthcoming of the property, and its issues and profits to satisfy the encumbrance. The purchaser at the execution sale being simply a lien-holder may bring an action at any time to enforce his lien or to preserve the rents and profits for the satisfaction of the encumbrance. It is true that the debt bears interest at the rate of ten per cent per annum until paid, but the words "until paid" in this provision of the statute are only inserted to show that the ten per cent runs as long as he holds the lien. Being a mere lien-holder having a present right of action, the statute of limitation runs against him as against other lien-holder from the time his cause of action accrues. By section 2505, Ky. St., an action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrues. A lien on land is an interest in the land; but section 458, Ky. St., provides:

"The words 'real estate' or 'land' shall be construed to mean lands, tenements and hereditaments and all rights thereto and interests therein, other than a chattel interest; and the words 'personal estate' shall include chattels, real and other estate, such as, upon the death of

the owner intestate, would devolve upon his personal representative.''

In Perry v. Elgin, 15 R. 855, it was held that limitation runs against the purchaser of land at an execution sale from the time the right of redemption expires, and that after fifteen years from this time, an action to recover the land is barred. But in that case the purchaser had acquired an interest in the land which on his death would pass to his heirs and not to his personal representative; but here the purchaser acquired only a lien on the land for a certain sum of money with interest at ten per cent until paid. If Due had died, undoubtedly the right of action sought to be enforced would have passed to his personal representative. The action is therefore not one to recover land within the meaning of section 2505, Ky. St. By section 2514, Ky. St., an action upon a judgment or decree or upon a bond or written contract shall be commenced within fifteen years after the cause of action accrues. But this is not an action upon a judgment or decree, a bond or written contract. By the purchase at the execution sale, the judgment was satisfied, and no liability on the part of the original debtor longer existed. The purchaser in such a case must look to the property on which his lien exists and nowhere else. (Atkins v. Emison, 10 Bush 9; Worsham v. Lancaster, 20 R. 701; Wilson v. Flanders, 114 Ky. 534.) When Due purchased he had no greater rights than a stranger would have had if he had purchased the property. The action therefore is not included in section 2514, Ky. St.

By section 2515, Ky. St., "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability" must be commenced within five years next after the cause of action accrues. At common law, land was not liable to sale under execution. The rights of a purchaser at an execution sale of encumbered real estate are derived wholly from the statute. It is true that there is no personal liability on the part of the owner of the land, the statute simply making the land liable for the amount of the bid with interest. But this liability of the land is a liability created by statute. In McCracken Co. v. Mercantile Trust Co., 84 Ky. 344, the facts were these: The legislature had passed an act providing that the County of McCracken in case it purchased the property of a taxpayer for taxes, should acquire a lien thereon which it might enforce by an action

in equity. Under this act the property of a taxpayer was sold in the year 1874 and again in the year 1875 and bought by the county for the amount of the taxes. In the year 1884, the county brought an action to enforce its lien. The action was held barred by limitation. In Muir v. Bardstown, 120 Ky., 739, city taxes on omitted property were held barred by limitation in five years, as being a liability imposed by statute. The same rule was applied to a lien on property for a street improvement made under section 3452, Ky. St., in Waggoner v. City of Frankfort, 99 S. W. 918; and as to franchise taxes, I. C. R. R. Co. v. Com., 128 Ky. 268. See also Dixon v. Labry, 78 S. W. 430. We do not see that the case before us can be distinguished from those cited. The liability is created by statute and no other time is fixed by the statute creating the liability. It follows that the action is barred unless begun within five years after the cause of action accrued.

As the action was not brought for more than seventeen years after the right of action accrued, it was barred by limitation, and the circuit court properly so held. The fact that there was a mortgage on the land did not prevent Due's bringing an action under the statute above quoted for the ascertainment and protection of his rights. He occupied practically the same position as the holder of a second mortgage, and manifestly the running of the statute of limitation against a second mortgage would not be affected in any way by the fact that the first mortgage had not matured or had not been satisfied. Appellant relies on Forrest v. Phillips, 2 Met. 194; Atkins v. Emison, 10 Bush 9; Wilson v. Flanders, 114 Ky. 534, and other similar cases. But in none of them was the question of limitation involved, and there is nothing in these cases decisive of the question here before us.

Judgment affirmed.