## Hall v. Commonwealth.

(Decided May 19, 1933.)

E. BERTRAM for appellant.
BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant, Evan Hall, and his son, Lonnie Hall, were jointly indicted for the crime of converting property of another without the consent of the owner. On his trial appellant was convicted and sentenced to confinement in the penitentiary for one year. Lonnie Hall's motion for a directed verdict in his favor was sustained. The crime of which appellant stands convicted is the one denounced by section 1358a of the Kentucky Statutes. The only ground relied upon for a reversal is the refusal of the trial court to sustain appellant's motion for a peremptory instruction.

The facts briefly stated are these: Prior to April, 1926, appellant owned two sawmills, one of which was being operated by him on the farm of Alonzo Britt in Wayne county. B. E. Roberts had a mortgage on the mill for $300 to secure a debt owed to him by appellant. One S. L. Henneger obtained a judgment against appellant for $98.94 and the commonwealth introduced proof that an execution was issued on this judgment and levied on the sawmill located on the Britt farm and that the mill was sold by the sheriff of Wayne county and purchased by Alonzo Britt and B. E. Roberts. Appellant continued to operate the mill on the Britt farm until some time in July, 1926, when the mill was dismantled and moved to Pulaski county. Alonzo Britt procured a warrant for appellant's arrest at the time the mill was being dismantled but the indictment under which he was convicted was not returned until the March term, 1933, of the Wayne circuit court.

Before one can be convicted of the offense denounced by section 1358a of the Statutes, it must be shown that the property is owned by another and was converted without the consent of the owner. By the provisions of section 1709 of the Kentucky Statutes, the purchaser at an execution sale acquires only a lien for the purchase money on the property sold where the property is incumbered by mortgage. Subsection 3 of section 1709 provides that the defendant in the execution may redeem the property sold by paying the original incumbrance with legal interest thereon and by paying the purchaser his purchase money with 10 per centum per annum interest thereon. Subsection 4 reads:

"The purchaser of incumbered movable property must, before possession thereof is delivered to him, give an obligation, with good surety, payable to the encumbrancer and the owner, stipulating that the property shall not be removed out of the county, and shall be preserved and forthcoming, unavoidable accidents excepted, to answer the incumbrance, and for redemption, and deliver the obligation to the officer, to be returned with the execution."

There is no evidence that Britt and Roberts, the purchasers of the sawmill at the alleged sale under the execution, executed the bond required by section 1709 which would have entitled them to the possession of the property purchased. The appellant at the time he moved the mill from the Britt farm had not been deprived of its possession and, Britt and Roberts not having acquired the legal title to the property nor the right of possession, he was not guilty of the offense denounced by section 1358a when he moved the mill to an adjoining county. It follows that the court erred in overruling his motion for a peremptory instruction.

Judgment is reversed for further proceedings consistent herewith.