## Commodari v. Hart-Commodari Const. Co.

(Decided Jan. 31, 1936.)

(As Modified on Denial of Rehearing March 6. 1936.)

GRANNIS BACH for appellant.
O. H. POLLARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Bruno Commodari has prayed an appeal from a judgment dismissing a claim for $363.18, which he had asserted against the appellee.

### The Facts.

On October 26, 1933, an execution was issued against the property of the appellee. On December 4, 1933, the sheriff, under this fi. fa., sold a Lorain No. 75 gas shovel which he had levied on as the property of the appellee. At this sale this shovel was purchased by Bruno Commodari, a stranger to the execution, and he executed bond due in three months and payable thus:

To the plaintiff in the execution ............$ 783.50
To the appellee .......................... 4,716.50
                                            _____
Total .............................$5,500.00

### Appellant's Pleadings.

On March 31, 1934, Bruno Commodari filed, in the action in which the judgment had been entered on which the execution had been issued—that action being still on the docket—an intervening petition in which he set out the issue of the above execution, the sale had, and his purchase thereunder; that after his purchase he had learned of a mortgage on this shovel for $363.18 which had been executed by the appellee to the Thew Shovel Company; that, in order to keep the Thew Shovel Company from enforcing its mortgage, he had paid to it $363.18; and that, deducting this $363.18, he had paid to the appellee the remaining $4,423.07 due it upon its $4,716.50 claim under this bond and the $69.75 interest due thereon. He prayed that the court adjudge this sale bond fully paid and satisfied.

The Judgment before Us.

The appellee's demurrer to it was sustained, and the intervening petition was dismissed.

## Our Conclusion.

The sheriff probably took these bonds as he did because he thought he had a right to make sale and delivery of this shovel and had to comply with, and have the purchaser comply with, section 1675, Ky. Stats. In fact, however, the sheriff had no power to pass the title to this shovel. All he could accomplish by his sale was to impose on the shovel a lien that would yield the purchaser 10 per cent. interest. See section 1709, Ky. Stats., and its five subsections. Also, Due v. Bankhardt, 151 Ky. 624, 152 S. W. 786; Hinton v. Mitchell, 1 Duv. (62 Ky.) 382; Hall v. Com., 249 Ky. 290, 60 S. W. (2d) 625. See Gen. Stats. c. 38, art. 14, sec. 1, etc., and Rev. Stat. c. 36, art. 15, sec. 1, etc. Sale in Roney v. Bell, 9 Dana (39 Ky.) 3, was had and made under section 36, Acts 1827-1828, p. 163. Sheriff under that act could pass title to the property subject to the encumbrance. Since 1851 sheriff's sale of encumbered property merely creates lien thereon. Sheriff in such a sale has no power to pass title by any provision of the law, but the subsequent acts of the Hart-Commodari Construction Company in accepting this bond, collecting the major portion thereof, and relying thereon in this action, was a ratification of what the sheriff had attempted to do and did pass title.

We see no reason why appellee should not give Commodari credit for the debt he has been forced to pay for it, in order to retain the property he had bought.

Since the sheriff had no right whatever to attempt to pass to the purchaser title to the shovel, his attempt to do so standing alone was a nullity. However, he did attempt to do so, and the Hart-Commodari Construction Company, having received, accepted, and sought to enforce the bond for $4,716.50, executed to it for what it and the sheriff regarded as the surplus, thereby ratified or rather adopted the sale, and the status of it and the purchaser became the same it would have been had it and Commodari met and agreed upon a sale of the shovel to him for $5,500. For dis-

tinction between adoption and ratification, see 2 C. J. p. 468, sec. 80.

Let us put aside all thought of a judicial sale; indeed, let us say there was no judicial sale, for the sheriff exceeded his powers and what he did in excess of his powers amounts to nothing. So forgetting all the sheriff did, let us look at what these parties did.

Commodari tendered to the construction company his bond for $4,716.50 and demanded the shovel; it took the bond and allowed Commodari to take the shovel.

Next Commodari paid to a mortgagee of the construction company $363.18 due upon a mortgage it had given on the shovel, then he paid to the construction company everything he owed it on this bond except $363.18, whereupon a disagreement arose, and here they are. Neither is attempting to undo what the sheriff tried to do and they actually did, but each is clamoring for a pound of flesh and each is pointing to the letter of the bond.

The lien debt of the shovel company was not paid until Bruno Commodari paid it to prevent the sale of the shovel under it. When Commodari paid the shovel company, he paid a debt which he was necessitated to pay and the Hart-Commodari Construction Company was obligated to pay.

In paying this $363.18 Commodari was not a volunteer (67 C. J. 276) without any equity in his favor, and was not an intruder intermeddling and paying the debt of another. He paid the debt of another, it is true, but did so because it was necessary that he do so to avoid having this shovel sold to pay a debt of the Hart-Commodari Construction Company. Having paid this debt under these circumstances, he is entitled to recover the sum so paid of the real debtor, and thus we have this situation:

The appellant is entitled to recover of the appellee $363.18 he paid for it, to free this shovel of the lien upon it, while the appellee is entitled to recover of appellant the $363.18, balance due it on the sale bond; hence neither should be awarded any recovery against the other, and their mutual debts and obligations should be canceled.

Motion for an appeal is sustained, appeal granted, and judgment reversed, with directions to overrule the demurrer to this intervening petition and for consistent proceedings.

The whole court sitting.