Opinion of the Court.
PALMER, being indebted to Hughes in the sum of $346 27, to secure the payment thereof, executed a mortgage upon two slaves by the names of Fanny and Esther; which mortgage was, in due time and in the proper office, admitted to record. Palmer afterwards sold Fanny to Walker, and Esther to Graves; and having failed to pay the debt for which they were mortgaged, Hughes filed his bill against Palmer, Walker and Graves, praying for a foreclosure of the mortgage, and a sale of the slaves, in satisfaction of his debt. The bill was taken for confessed, at the rules in the office—the rule docket not then having been abolished. Walker afterwards filed his answer, in which he admits that he purchased Fanny ; but insists that it was without notice that she was included in the mortgage. The cause was afterwards set for hearing as to Palmer and Walker, and continued on the rules as to Graves. The court, on the hearing, pronounced a decree foreclosing the mortgage and directing a sale of the slave, Fanny. She was accordingly *318 sold, for the sum of $325. Hughes then filed a supplemental bill, in which, after stating the former bill and the proceedings thereon, he alleges that the slave, Esther, when purchased by Graves, was of little or no value, being afflicted with a malady of which she afterwards died ; and that the slave, Fanny, subsequent to the execution of the mortgage, had two children, which were claimed by, and in the possession of Walker, under his purchase from Palmer, and that he was informed that Walker had sold and removed them to places unknown ; and he prays that they may be (if to be had) delivered up to be sold in satisfaction of the residue of his debt remaining unpaid, or that Walker may be compelled to pay. Walker, in his answer to the supplemental bill, controverts the unsoundness of Esther, and alleges her to be of sufficient value to pay the residue of the debt. He admits the slave, Fanny, had two children, one of which was born before, and the other after he purchased her, and that he sent them off by an agent, who sold them for $150.; but states that he is ignorant to whom they were sold, or where they are, and contends that they are not liable to the mortgage; more especially, as Esther had not been sold.
Statement of the case.
Want of notice of a mortgage recorded according to law, is of no avail, either in law or equity.
*318 The cause came on to be heard, and the bill, as to Graves, being taken for confessed in court, the rule docket having then been abolished, the circuit court decreed that Graves should pay the balance due to Hughes, after the sale of Fanny, and dismissed the supplemental bill, as to Walker, with costs. Graves afterwards prosecuted a writ of error to this court, and on the ground that there was a defect in the service of process, the decree, as to him, was reversed and the cause remanded, with leave for him to answer. When the cause was remanded, he answered and in his answer alleges that Esther was laboring under a disease when he purchased her, of which she afterwards died, and insists upon his being a purchaser without notice, &c.
1. In this situation of the cause Hughes has prosecuted this writ of error, and by his assignment of error questions the propriety of the decree dismissing the supplemental bill against Walker.
There can be no doubt, but the slave, Fanny, was liable to the mortgage. Walker having been *319 a purchaser without notice in fact of the mortgage, is an immaterial circumstance; for the mortgage having been, duly recorded, the law will presume notice. Besides, the legal title was, by the mortgage vested in Hughes, and the want of notice only protects a purchaser against a latent equity, and not against the legal title. Nor can there be any doubt, but that the children born of Fanny after the execution of the mortgage, areas much liable as Fanny herself is; for it is a settled rule, that the offspring belongs to the owner of the mother—partus sequitur ventrem being a maxim of the common, as well as of the civil law, and as Walker has removed the children and sold them to persons unknown, so that they cannot be made specifically subject to the decree of the court, he has unquestionably incurred a personal liability, to the extent of the price he received for them.
Want of notice protects a purchaser against patent equity, not against the legal title.
The children of a female slave, born after the execution of a mortgage, are as much liable to the demand of the mortgagee, as she herself is.
Where slaves mortgaged are sold afterwards to different purchasers, they are all liable in the hands of the respective purchasers, to the demand of the mortgagee ; but as between the purchasers, equity will enforce contribution on the principles of equality.
2. Esther is, beyond question, as much liable in the bands of Graves, as Fanny and her children are in the hands of Walker, and in proportion to her value, he ought, we apprehend, to contribute to the payment of the mortgage debt. But the liability of Esther and the obligation of Graves to contribute to the payment of the mortgage debt, cannot operate to discharge Walker from his liability. The whole and every part of the property conveyed by the mortgage, is equally liable to the debt, and must remain so, until the whole debt is paid. The proportion in which Walker and Graves should contribute to the payment of the debt, is a matter to be settled between them, but cannot affect the liability of either of them to Hughes. To him, they must each remain liable to the extent of the value of the property he may have received, until the whole debt is paid. The decree, therefore, dismissing the supplemental bill against Walker, is erroneous, and would have been so, if the decree against Graves for the residue of the debt which remains due, had still been reversed; for nothing short of the payment of the money would be a discharge of Walker’s liability. Even a judgment at law against one, where several are bound in the same obligation, will not discharge the other; and a fortiori, a decree, in a case of this sort, ought not to be made to have that effect. If the cause bad been in a state to be heard properly as to Graves, and the value of Esther were found to be in same *320 proportion to the residue of the debt remaining unpaid, as the value of Fanny and her children was to that part of the debt which Walker had paid, the court ought, in that case, to have directed the residue of the debt to be paid, part by Graves; and in case of his failure, that it should be paid by Walker, if it should not be more than the price received by Walker for the children of Fanny; and if more than that, he should pay to that extent only; and such should be the decree entered when the cause is remanded.
Decree reversed.