## Spears, et al. v. Weddington, et al.

(Decided January 24, 1912.)

Appeal from Pike Circuit Court.

1. Sheriff's Sale—Property of Stranger to the Writ—Surrender in Writing, Necessity for—Void Sale—Presumption.—A sheriff not being authorized to sell the property of a stranger to the execution, his return that the property was given up by the stranger, creates no presumption that it was surrendered in writing, and unless it affirmatively appear that the property was surrendered in writing, the sale is void.

2. Same—Ejectment—Void Execution Sale—Collateral Attack.—In an action of ejectment, a void execution sale is subject to collateral attack.

3. Sheriff—Estoppel to Acquire Property Sold Under Execution.— Where an execution sale is void because of the failure of a former sheriff to take from a stranger to the writ a written surrender of the property, a sheriff subsequently in office who makes a deed to the execution purchaser, is not estopped to acquire the property as against the execution purchaser or those claiming through him, as the invalidity of the sale was not due to any act of omission or commission on his part.

4. Bona-fide Purchaser.—A purchaser from an execution purchaser is bound to take notice of what a record deed and the record of the proceedings show, and where the record shows that the property of a stranger to the writ was sold, and fails to show that it was surrendered in writing, he is not a bona-fide purchaser for value and without notice.

J. S. CLINE for appellants.

STATEN & PINSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

In the year 1883 a fine was adjudged in the Pike Circuit Court against one Vandaly Francis. On September 12th, of that year, Vandaly Francis and G. W. Hackney were married. On March 26th, 1884, a capias issued from the office of the clerk of the Pike Circuit Court

against Vandaly Francis, who was arrested by the sheriff. At that time G. W. Hackney was the owner of the tract of land in controversy in this action. This the sheriff levied on. His return shows that the title to the property, which consisted of a tract of about fifty acres of land situated in Pike County, Kentucky, was in G. W. Hackney. After specifying the land levied upon the sheriff's return is as follows: "This was given to me by George Hackney to sell to satisfy the fi. fa." After a proper advertisement and appraisement, the property was sold on June 23d, 1884, and one R. M. Ferrell became the purchaser. No further action was taken in the matter until October 14th, 1892, when J. S. Cline, then sheriff of Pike County, made a deed to the purchaser, R. M. Ferrell. This deed recites that the execution was levied upon the land as the property of the defendant, Vandaly Francis, and, after describing it, uses the following language: "Containing fifty acres, more or less, and given by George Hackney to be sold.

Plaintiffs, Ballard Weddington, James Hatcher, Mrs. Kentucky Powers and George Pinson, Jr., hold whatever title Ferrell acquired by regular conveyances from him. A year or two before the institution of this action G. W. Hackney died, and the defendants, Rans Spears and J. S. Cline, acquired their title by deed from G. W. Hackney's heirs.

On August 11th, 1909, the plaintiffs brought this action in ejectment to recover the land in controversy and damages for its detention. The defendants denied plaintiffs' title and asserted title in themselves. Subsequently, by amended petition, plaintiffs set out the proceedings above referred to, and charged that G. W. Hackney was present at the sheriff's sale and encouraged and requested the purchaser, R. M. Ferrell, to buy the land and pay his wife's fine. It was also charged that defendant, Cline, was the sheriff who made the deed, and that by his action he was estopped from claiming title to the land in controversy as against the vendees of the purchaser at the sheriff's sale. The allegations of the amended petition were controverted of record. Upon motion the case was then transferred to equity, and the chancellor gave judgment in favor of plaintiffs. From that judgment this appeal is prosecuted.

As neither plaintiffs nor defendants have had possession of the land in controversy, the question of adverse possession is eliminated from the case.

The plea of estoppel, so far as J. S. Cline is concerned, is not available. While he, as sheriff, did make the deed to the purchaser, R. M. Ferrell, the title of the purchaser is not attacked because of any act of negligence on Cline's part in making the deed. The levy of the execution and the sale of the land all took place many years before Cline came into office. In executing the deed upon the request of the purchaser, he simply did what the law required him to do. While it may be true that a sheriff will not be permitted to acquire title as against a purchaser whose title fails because of some act of omission or commission on the part of the sheriff, that rule does not apply to the present case. If the title, which the purchaser at the sheriff's sale acquired in the present case, was defective, the defect arose long before Cline came into office, and was not the result of any negligence on the latter's part.

The question is: Was the sale of G. W. Hackney's land, under capais against his wife, valid? It must be admitted that the sheriff was not authorized by the capias to sell the land to a stranger. Ordinarily the execution purchaser acquires only the title of the execution debtor. If Hackney, as a matter of fact, was present in person when the sale was made, and encouraged and requested the purchaser to buy the land, he and those claiming through him would be es-topped from asserting title. As before stated though, the allegations of the amended petition to this effect are controverted of record. Though those allegations are again repeated in the amended reply, it was not necessary to deny them again. Upon this question there is an entire failure of proof. It follows, therefore, that the plea of estoppel is not available.

As the land in controversy did not belong to the execution defendant, but to Hackney, and as the proof fails to show that Hackney did anything on the occasion in question to estop him, or those claiming through him, from claiming title, it follows that there was only one way by which he could have divested himself of title, and that was by authorizing the sheriff, in writing, to sell the land for the payment of his wife's fine. Had he done this his title would have passed by the sale. While the return of the sheriff states that the land was given up by Hackney, it fails to state that it was given up in writing, and there is neither proof nor allegation that it was given up in writing.

We are asked, however, to hold that, because the sheriff's sale took place many years ago, the presumption is that he obtained Hackney's consent in writing. It must be remembered, however, that the sheriff's authority to sell land is confined to the land of the execution debtor. The law imposes upon him no duty with respect to the sale of the lands of a stranger to the execution for the purpose of paying the debt of the execution debtor. His right to sell such lands depends altogether on the personal act of such stranger, and not upon any authority conferred by law. That being true no presumption in favor of the regularity of his official conduct can arise. In such a case it must affirmatively appear that the land was given up by proper writing. There being no recitation in any of the proceedings that the land was so given up, and no proof to that effect, it follows that the sheriff was without authority to make the sale.

Nor is the case made any stronger by evidence of oral admissions on the part of Hackney that he had given the land up. As he could not divest himself of the title by orally surrendering the land in the first instance, his subsequent oral admission that he had surrendered the land did not impart any validity to the void surrender.

Nor is there any merit in the plea on the part of plaintiffs that they are bona fide purchasers for value without notice. Having acquired title through an execution purchaser, subsequent vendees are put on notice of what the proceedings of record reveal. Had plaintiffs examined this record, or the record of the deed to the purchaser, which the law requires them to do, they would have ascertained that the land in question was the property of G. W. Hackney, and not of the execution defendant, and that the proceedings failed to show that Hackney had authorized the sheriff, in writing, to make the sale. (Greer, &c. v. Wintersmith, &c., 85 Ky., 516; Smith, &c. v. Pope's Heirs, 5 B. Mon., 337.)

As the sheriff's sale of the land in question was void, and therefore subject to collateral attack in an action of ejectment (Addison v. Crow, et al., 5 Dana, 271), and as the evidence fails to show any action on the part of Hackney, or of those claiming through him, that estopped them from asserting title to the land, it follows that judgment should have gone in favor of defendants.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.