### Schmaus v. Wittemore.

(Decided October 16, 1913).

#### Appeal from McCracken Circuit Court.

Execution—Property Subject to—Equitable Estates or Interests in General.—An execution cannot be levied upon a mere equitable interest in land. The title acquired by a purchaser at decretal sale where the sale has been confirmed but no deed has been made, is a mere equitable one.

WHEELER & HUGHES and E. H. PURYEAR for appellant.

D. G. PARK for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Prior to June 18, 1910, there was pending in the McCracken Circuit Court, an action in which West End Improvement Company was plaintiff and Thomas H. Torian and Ina F. Torian, his wife, were defendants, seeking to enforce a purchase money lien, reserved by the plaintiff in said action on certain real estate in McCracken County, being lot No. 9 in block No. 9 in said company's addition to the city of Paducah, which said plaintiff company had theretofore conveyed to Torian and his wife. At the same time, there was also pending in said court an action in which S. B. Caldwell was plaintiff and said Torian and wife defendants, seeking to enforce a mortgage lien against the real estate above mentioned and also against another parcel of ground in the same vicinity, the mortgage so far as the parcel

of land first mentioned, is concerned, being inferior to the purchase money lien reserved by the West End Improvement Company.

These actions were consolidated; and on June 18, 1910, a judgment was rendered therein, adjudging to the West End Improvement Company a lien in the sum of $689.87 upon the parcel known as lot No. 9; and to S. B. Caldwell a lien in the sum of $443.04 upon the parcel known as lot No. 9 (but second to the lien of the West End Improvement Company), and also upon the other parcel of land above mentioned. The judgment directed that said liens be enforced; that the commissioner of the court sell lot No. 9 first; and that if said lot did not bring enough to satisfy both liens, then the remaining parcel should be sold. The commissioner was directed to take bond with good surety for the purchase price, payable to himself as such commissioner; he was also directed to collect said bond when due; and the judgment also contained an order of disbursement of the funds to be therefrom derived.

In obedience to said judgment and order of sale, the commissioner of the court, on the 10th day of April, 1911, sold both parcels, for the sum of $1,354.69, Thomas H. Torian himself being the purchaser at said sale.

Torian executed bond for the purchase price, with E. W. Whittemore (appellee herein) and other sureties; and a lien was reserved in said bond upon the property sold to further secure same. This bond was due in six months from the date of the sale; and when it matured, Torian failed to pay it, as did also his sureties.

On October 27, 1911, the commissioner caused to be issued by the clerk of the court, an execution upon said sale bond, against said Torian and his sureties (including Whittemore, appellee herein), which execution was delivered into the hands of the sheriff of McCracken County; and on the next day said sheriff levied said execution on the two parcels of land hereinbefore mentioned, as the property of Thos. H. Torian.

On November 13, 1911, said sheriff sold said parcels of land under said execution and levy; and William Schmaus (appellant herein) became the purchaser of the first tract hereinbefore mentioned at the price of $460.

George Bernard became the purchaser of the second tract mentioned, at the price of $103; and these sales failing to satisfy the sale bond, the commissioner there-

upon caused execution to issue for the unpaid amount of the sale bond, and on the 11th day of November, 1912, certain real estate of appellee, Edgar W. Whittemore, was sold thereunder, for the balance due on said sale bond, to-wit, $897.12, and appellee was compelled to pay, in that manner, the amount due on said sale bond.

He thereupon filed an intervening petition in the consolidated actions hereinbefore mentioned, setting up the foregoing facts, and seeking to have the sale of the Torian property under the first execution issued on the sale bond, set aside. He charged in said pleading that Schmaus had sold the parcel purchased by him from the sheriff, for $460, to one B. F. McKinney for $1,001, and prayed that if the said sheriff's sale to Schmaus could not be set aside, that judgment be awarded against said Schmaus for $541, the excess received by him from McKinney over what he paid at the sheriff's sale, said excess to be applied as a payment on the unpaid remainder of the aforesaid sale bond. McKinney and Bernard, the purchaser at the sheriff's sale, of the other parcel of the Torian land, were summoned but have not answered nor defended.

It also appears from the record that the sheriff executed to William Schmaus, appellant herein, a deed conveying to him the property purchased by him from said sheriff under the execution of October 27, 1911. This deed was executed February 27, 1912, in obedience to an order and judgment of the McCracken Circuit Court, in an action brought by said Schmaus against said sheriff to enforce by mandamus the execution and delivery of such deed.

Upon final hearing, the court adjudged the deed of the sheriff to appellant Schmaus to be void; but adjudged to Schmaus a lien upon the said property so purchased by him, for the purchase price thereof, to-wit: $460.00, with interest from the date of said sheriff's sale, less however, the rental value of the said property so purchased by him, to-wit: $144.00. And it was further adjudged by the court that the said real estate be again sold by the commissioner, and the proceeds applied, first to the costs of the re-sale; second, to the discharge of the lien adjudged to appellant Schmaus; and the remainder of the proceeds, to be held by the court to be applied upon the sale bond hereinbefore mentioned.

From that part of the judgment, adjudging the sheriff's deed to appellant, void, appellant Schmaus appeals; and from that part of the judgment adjudging to Schmaus a lien superior to his, appellee Whittemore prosecutes a cross appeal. The judgment of the lower court recites no reason for setting aside the sale made by the sheriff under the execution on the sale bond, at which sale appellant Schmaus became the purchaser of this property, but we presume it was upon the theory that because of the existing lien reserved to secure the payment of the sale bond, and because Thos. H. Torian by reason of his purchase at the commissioner's sale (no deed having been made to him by the court's commissioner) only obtained an equitable title thereto, the property was not subject to sale under the execution.

In Goodin v. Wilson, 24 Ky. L. R., 1521, Goodin held a judgment against Wilson upon which she caused an execution to issue, which execution was levied upon a tract of land that Wilson had purchased at a decretal sale in an action of Tinsley v. Tinsley, for which he had executed sale bonds payable to the commissioner, which sale had been reported and confirmed by the court, but no deed had been executed by the commissioner to Wilson, and a part of the sale bonds were still unpaid. This land was not sold under this execution, but was returned with the sheriff's endorsement of the levy thereon; and she then instituted an equitable action setting up these facts, alleging that by reason of the levy of the execution she had a lien on the land levied upon, and asking that the said lien be enforced.

A demurrer was sustained to her petition and the petition dismissed; and she appealed.

This court, in the opinion affirming the judgment of the lower court, said:

"The question for adjudication on this appeal is whether or not the land in question under the foregoing statement of facts was subject to levy and sale under execution. * * * Land is subject to levy under execution in Kentucky only when the execution defendant holds the legal title thereto. A mere equitable title of a debtor cannot be thus subjected to the satisfaction of a creditor's claim. Sections 1681 and 1709, Kentucky Statutes; Newson v. Kurtz, 86 Ky., 277; Whitaker v. Cornett, 21 S. W., 645. It becomes, therefore, necessary to ascertain whether or not, under the allegations of the petition in this case, the debtor Wilson had a

legal or mere equitable title in the land alleged to have been purchased by him at judicial sale; his purchase having been confirmed by order of court, and himself put in possession of the land in question, but for which there had not been executed and delivered to him a commissioner's deed. In other words, does a purchaser at a judicial sale obtain a legal title by the order of confirmation by the court, or by the execution and delivery of the commissioner's deed in pursuance of an order of the court? * * * It seems to us, therefore, that the title of appellee Wilson in the land in question, was merely an equitable one and that, as such, it was not subject to levy and sale under execution; and that appellant's remedy for subjecting the same to the payment of the debt is under the provision of section 439 of the Code, and not under sections 1681 or 1709 of the Kentucky Statutes.

This would seem conclusive in the case at bar; but counsel for appellant seeks to avoid the effect of this decision by contending that Thos. H. Torian owned the legal title to the land at the time of the judgment directing its sale by the commissioner, and that he continued to hold it until the sale under the execution issued on the sale bond. This statement is not borne out by the record. The entire record is not copied; but the judgment of sale of June 18, 1910, shows that the parcel of real estate which was bought by appellant Schmaus, was jointly owned by Thos. H. Torian and Ina F. Torian, as vendees of the West End Improvement Co. Therefore, if the contention of appellant as to the legal title of land sold at decretal sale remaining in the judgment debtor until a conveyance is made by the court's commissioner be correct, (but as to whether correct or not we now express no opinion) still one-half of the property was before the decretal sale owned by Ina F. Torian; and while Thos. H. Torian owned the fee in the other half, the whole property was subject to a lien to secure the payment of the sale bond, and the sureties in the sale bond were entitled to the benefit of this lien for their protection. This right of the surety was not affected by the sale under execution, for his rights were superior to the execution sale. The circuit court, therefore, properly set the execution sale aside adjudging the execution purchaser a lien on the land for his money; and as he had paid the debt for which the surety was responsible to the extent of his purchase,

properly adjudged the execution purchaser a lien to this extent superior to the surety in the sale bond.

Appellant next relies on a plea of estoppel as grounds for a reversal of the judgment appealed from by him, alleging that appellant knew of the levy and sale of the property under the execution issued on the sale bond; knew of his liability on said bond and of his rights as surety thereon; was present at the sale, and took no steps to protect himself. Did the record show that appellee had been instrumental in causing the execution to issue, or in the levy of same on this land, or that he had stood by when appellant purchased the land, and knowingly permitted him to purchase it without speaking, or knowingly encourage him in the purchase thereof, this contention might be worth considering. So far as the record shows, appellee had nothing to do with the issual of the execution or the levy of the same on this land. Appellant gives it as his best recollection that appellee was present on the day of the sale, but is not positive about it. On cross-examination he says that nothing occurred between him and appellee about it before the sale; that he "did not rely on anything appellee said or did on that occasion, in buying the property." The only other witness introduced by appellant was the commissioner who made the sale, and he testified that he did not remember whether appellee was present at the sale or not. On the other hand appellee swears positively that he was not present, was not anywhere about the courthouse or court yard on the occasion of the sale. We are, therefore, of the opinion that there is no merit in appellant's plea of estoppel.

Appellee gives in his brief no reason for a reversal on his cross appeal, nor do we find any in the record. By reason of the execution sale, the amount adjudged to appellant had been paid by him and credited on the sale bond on which appellee was surety; appellee in this way received the benefit of same, and should not now complain because the judgment of the court directs this amount paid back to appellant. It was a payment on the debt for which appellee was bound.

Judgment affirmed on both the original and cross appeal.