### Ruby, et al. v. Cox & Grayot, et al.

(Decided March 25, 1921.)

### Appeal from Hopkins Circuit Court.

Mortgages—Purchase and Conversion of Property from Mortgagor.—One who buys mortgaged personal property from the mortgagor with full knowledge of the existence of the mortgage, and converts it to his own use is liable to the mortgagee for the amount of the mortgage debt to the extent of the value of the mortgaged property taken and converted.

GORDON, GORDON & MOORE for appellants.

HUBERT MEREDITH for appellees, D. M. Roll and Vannie M. Roll.

COX & GRAYOT, H. F. S. BAILEY and J. A. JONSON for appellees, Cox & Grayot.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was brought to enforce a mortgage executed by D. M. Roll to Cox and Grayot on a herd of cattle in Muhlenberg county in 1917. Roll was indebted to the law firm of Cox & Grayot in the sum of $2,500.00 for services, and on June 5, 1917, executed and delivered to the firm a note for that amount and secured it by a

mortgage on a herd of more than 50 head of Hereford cattle. Roll was greatly indebted at the time and his creditors were pressing him. To make his situation more lamentable he was in jail on a felony charge.

Shortly after the execution and delivery of the mortgage on the cattle it was recorded in the proper office. Within a few days afterwards Roll, the mortgagor, sold the cattle to appellants, Ruby and Hollingsworth, and directed them to take the cattle, or at least entered into an agreement with them whereby they were to take and dispose of the cattle and pay off a mortgage for about $1,000.00 owing a Greenville bank, and to apply the balance to certain named purposes about which the parties to this action do not agree. The cattle were then in Muhlenberg county but Ruby and Hollingsworth were in the act of taking the cattle to Hopkins county to a farm held and managed by them, when they were notified by Cox and Grayot, mortgagees, not to take the cattle from Muhlenberg county until the mortgage debt of $2,500.00 was paid. Disregarding this notice the cattle were taken into Hopkins county by Ruby and Hollingsworth and converted to their own uses. In the meantime they paid off the first mortgage on the cattle to the Greenville bank but paid nothing more although the cattle are alleged to have been worth at the time not less than $4,000.00. Both Ruby and Hollingsworth were made parties defendant with Roll and wife in this action to enforce the mortgage. Their liability is predicated upon their alleged wrongful conversion of the mortgaged property and appropriation of the proceeds.

As the mortgage was of record, and Ruby and Hollingsworth had actual knowledge of its existence before they finally took and converted the cattle to their own use and benefit, it seems clear that they are liable to the mortgagees, Cox and Grayot, for at least the amount of the mortgaged debt if it did not exceed the value of the cattle, if not the alleged sale price, unless the mortgage was fraudulent and void. This is true even if the cattle were taken from Roll under the agreement stated by Ruby and Hollingsworth. Ruby states the agreement with Roll about the cattle as follows:

"Hollingsworth was to take these cattle, take out a reasonable compensation for his services, handle them just like he would handle his own cattle and pay whatever was left over to the Kentucky Bank and Trust Company after the payment of the Greenville debt. Q. Had

Mr. Hollingsworth at that time agreed with you that he would do that? A. Yes, sir; told me to make whatever trade that I could for his best interest.''

One who takes mortgaged personal property not his own and converts it to his own use and benefit, with knowledge of the existence of a mortgage, against the will and without the consent of the mortgagee is liable to him for its reasonable value at the time taken, unless he can show that the mortgagee had in fact no actual financial interest in the property.

Here it is clearly proven for the plaintiffs that Roll was indebted to them in the sum of $2,500.00 for legal services, and this is admitted by Roll. There is no evidence to the contrary. The mortgage was given by Roll to Cox and Grayot to secure this indebtedness. Cox and Grayot had a valid lien if not the legal title to the cattle, and were financially interested in them to the extent of $2,500.00.

Both Ruby and Hollingsworth admit they had no claim to the cattle except such as they acquired under the agreement stated in the evidence of Ruby copied above, and this arrangement was made after the mortgage to Cox and Grayot was executed and recorded. Under facts like these the mortgagee may disavow the sale of the mortgagor and retake the property, or he may recover the value of the mortgaged property to the extent of his debt if it has been converted, or ratify the sale and have an action for the agreed sale price either against the mortgagor or the wrongful purchaser with actual or constructive notice of the mortgage. 5 R. C. L. 446.

It is insisted, however, for appellants, that the mortgage was a conditional one under which the mortgagor Roll had the right to disregard it and dispose of the property. There is no evidence to sustain this contention. The mortgage, like all such instruments, was conditional, but the option of disregarding its terms did not lie with the mortgagor but with the mortgagees.

The maker of the mortgage was bound. He had no right whatever to take or dispose of the cattle after he made the mortgage except with the agreement and consent of Cox and Grayot. Ruby and Hollingsworth took the cattle with full knowledge of the mortgage and that Roll did not have the right to dispose of them. Roll and Hollingsworth were trespassers as to Cox and Grayot and stand as such in this litigation.

The appellants contend that the court fixed the value of the herd of cattle too high and this may be so. The evidence for appellee shows that the cattle were worth at least $4,000.00 at the time they were taken, while some of the witnesses say they were worth $4,500.00. The witnesses for appellant say that the cattle were not worth more than $1,500.00 to $2,000.00 at the time they were received by Ruby and Hollingsworth. The trial court did not fix the value of the cattle in the judgment, but only adjudged Cox and Grayot entitled to recover of Roll, Ruby and Hollingsworth the amount of the mortgage debt and costs, and we are thoroughly convinced the evidence fully sustains the judgment.

Judgment affirmed.