## Sullivan Machinery Company v. Leckieville Land Company.

(Decided February 26, 1929.)

J. C. CANTRELL for appellant.

O. T. HINTON for appellee.

Opinion of the Court by Judge Willis—Affirming.

The Sullivan Machinery Company intervened in a suit pending in the Pike circuit court, wherein the Leckieville Land Company was seeking to enforce a vendor's lien on certain lands it had conveyed to A. C. Preston, trustee. The intervener set up a claim to a portion of the property by virtue of a sheriff's deed to it as the pur chaser of the property at an execution sale. The circuit court dismissed the intervening petition and the intervener appeals.

The Leckieville Land Company sold and conveyed to A. C. Preston, trustee, the real estate in question. The deed was dated July 18, 1922, and recited the consideration as $18,500, of which $5,000 was paid in cash, and the balance of $13,500 was to be paid in three equal installments in one, two and three years from date, with 6 per cent. interest, evidenced by three promissory notes, and to secure payment whereof a lien upon the land conveyed was expressly retained. No part of the deferred consideration was ever paid. The grantee then conveyed a portion of the land to the Bailey-Pond Creek Coal Company for a recited consideration of $12,500. That deed was dated October 11, 1922. The Leckieville Land Company instituted this action to enforce payment of the two notes that had matured. Pending the suit, the third note also matured, and that fact was properly brought into the record. In the meantime a suit was brought by A. C. Preston, trustee, and his associates, against the Bailey-Pond Creek Coal Company to cancel the deed they had made to it, on the ground that no part of the consideration had been paid. A judgment canceling the deed was rendered in that action on May 4, 1926. On May 19, 1926, the Sullivan Machinery Company caused to be recorded

a deed which the sheriff had made to it. The deed is not in the record, but it appears from the intervening petition that appellant had procured a judgment for $789.31 against the Bailey-Pond Creek Coal Company, upon which an execution was issued and levied upon the land deeded to it. At the ensuing sale by the sheriff the land was purchased by the appellant for $899.56, the amount of its debt, interest, and costs. The sheriff's sale was alleged to have taken place on the 6th day of October, 1924, but the deed was not made until May 19, 1926. The intervener relied upon the deed as vesting it with title to the land. The circuit court entered a decree in favor of the Leckieville Land Company for the amount of the notes given by A. C. Preston, trustee, and ordered a sale of the land to pay the debt so adjudged. It is apparent that the appellant obtained no title to the land. The primary lien of the Leckieville Land Company for the purchase money due it constituted an incumbrance of record on the land conveyed to Preston, which included that later conveyed to the Bailey-Pond Creek Coal Company. Incumbered land may be sold under execution, but the purchaser acquires merely a lien which may be enforced only by a court of equity. Ky. Stats., sec. 1709; Cotton v. Cotton, 136 Ky. 55, 123 S. W. 331; Due v. Bankhardt, 151 Ky. 624, 152 S. W. 786; Schmaus v. Wittemore, 155 Ky. 338, 159 S. W. 947; Deaver-Kennedy Co. v. Cooper, 189 Ky. 366, 224 S. W. 1053.

The intervener denied that the Leckieville Land Company had any lien on the land and denied that the indebtedness mentioned in the plaintiff's petition was ever created or existed; but the allegations of the petition respecting the execution and delivery of the deed, and the execution and delivery of the notes for the deferred consideration, were not denied, and the denial of any indebtedness did not put in issue any of the facts so alleged. The allegations of the intervening petition in the respects mentioned were but legal conclusions that presented no issuable facts. Newman, Pleading and Practice, sec. 871; Cooper v. McKee, 121 Ky. 287, 89 S. W. 203, 28 Ky. Law Rep. 270.

The right of appellant, even to a lien on the land, depended upon the deed from the Leckieville Land Company to A. C. Preston, trustee, through whom title, if any, was obtained by the Bailey-Pond Creek Coal Company, and that deed disclosed the existence of the ven-

dor's lien. Until that lien was satisfied, there was nothing left in the coal company to which the execution lien of appellant could attach. It is argued for appellees that appellant did not obtain even a lien because of the fact that the deed to its debtor was canceled by an appropriate decree; but that question, for obvious reasons, need not be determined at this time. The proceeds of the sale were insufficient to discharge the primary lien of the Leckieville Land Company, and it does not appear that appellant's execution lien possessed any value, even if it be assumed that it was superior to the rights of Preston and his associates.

The court committed no error in refusing to recognize the asserted title of appellant to the land in question, and, as that is the only proposition now presented, it is all that need be or is decided.

The judgment is affirmed.