## Ashland Finance Co., Inc., v. Mollett et al.

(Decided Jan. 23, 1934.)

492

WILSON & ROBINSON for appellant.
W. J. WARD for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Cargill Motor Company of Ashland, Ky., engaged in the automobile business at Ashland, sold a truck to Ralph Mollett, at the price of $628.44, payable in 12 monthly installments of $52.37, on the 5th day of each consecutive month after date. He executed and delivered a note therefor and a conditional sales contract of even date, the latter carrying a provision that, if any one payment was not made when due, all of them should become due. The conditional sales contract recited that, "for the purpose of securing to the said seller the payment of the purchase price, the seller should retain title to the truck." The contract also gave to the Cargill Motor Company the right to take possession of the truck and sell it in case Mollett defaulted in the payments or breached any term of it. It was acknowledged and recorded in the Boyd county clerk's office, the county in which Mollett resided. The note and the conditional sales contract were transferred by indorsement by the Cargill Motor Company to the Ashland Finance Company on the day they were executed. Mollett made two payments of $52.37, one in May and the other in June, 1929, making a total of $104.74. No other payments were made. He "swapped" the truck for another to M. C. Ward, Martin county, Ward paying him $400 difference between the valuations of the trucks. Mollett orally represented to Ward that his truck was free from incumbrances and mortgages. He executed and delivered to him a bill of sale, in which it was recited that

the truck was transferred "free from any mortgage or other encumbrance." In the fall of 1929, the Ashland Finance Company located the truck in the possession of Ward; exhibited to him the conditional sales contract and demanded possession of the truck or the payment of $523.70, the balance of the purchase price. Ward refused to do either. Ward had had possession of the truck from July 22 to October 26, 1929, under his purchase.

After a correspondence between the Ashland Finance Company and Ward, on the 11th day of December, 1929, it filed this action against him to enforce its lien against the truck and also to recover the difference between the value of the truck when possession was demanded and the amount it might bring at a sale under the orders of the court, alleging that the value of the truck at the time Ward took possession of it, and at the time of the demand for the possession of it, was more than $523.70.

At the time the Cargill Motor Company sold it to Mollett, it delivered to him a bill of sale which did not show the existence of the lien retained in the conditional sales contract. Ward, after he took possession of it, added equipment and supplies of the value of $144. His defense is that he is an innocent purchaser for value without notice of the existence of the lien of the Ashland Finance Company by virtue of the conditional sales contract and its recordation, and therefore his title is superior to its lien, but, if he only has a lien on the truck, it is superior to the lien of the Ashland Finance Company, at least to secure him in the payment of the cost of the added equipment and supplies. A personal judgment was rendered against Mollett in favor of the Ashland Finance Company. Its petition was dismissed as to Ward with a judgment declaring a superior lien on the truck in his favor to satisfy $100 of the $144. The execution and delivery of the note and conditional sales contract, its terms and provisions, and the fact that it was recorded in Boyd county, are not controverted. The conditional sales contract and the bill of sale, signed by Mollett, to Ward, recited that "he was a resident of Boyd County"; the correspondence between Mollett and the Ashland Finance Company shows his address was Ashland, Ky. There was no evidence that he resided elsewhere. His residence being in Boyd county at the

time of the execution and delivery of the conditional sales contract and note, that county was the proper county in which to record the instrument showing the lien on the truck to secure the note for the purchase money. Sections 495 and 523a-2, Ky. Stats. Coppage v. Johnson, 107 Ky. 620, 55 S. W. 424, 21 Ky. Law Rep. 1357; Day & Congleton Lumber Co. v. Mack, 69 S. W. 712, 24 Ky. Law Rep. 640; Burbank & Burbank v. Bobbitt, 157 Ky. 524, 163 S. W. 457; Munz v. National Bond & Investment Co., 243 Ky. 293, 47 S. W. (2d) 1055; Johnson, Sheriff, et al. v. Sauerman Bros., Inc., 243 Ky. 587, 49 S. W. (2d) 331.

In Munz v. National Bond & Investment Co., it was held that a conditional sales contract must be recorded to be valid against an innocent purchaser, and, when recorded, it constitutes constructive notice to all the world of a lien on the property therein described to secure the debt shown by it to be in existence. The recordation of the conditional sales contract in the pending case was constructive notice to Ward of the existence thereunder of the lien sought to be enforced by the Ashland Finance Company. The lien thereby created, and existing of record, to secure the debt of the Ashland Finance Company, evidenced by Mollett's note, was not affected by the oral declaration of Mollett or a like recitation in the bill of sale executed and delivered by him to Ward. The conditional sales contract expressly authorized the Ashland Finance Company to demand and regain possession of the truck, because of Mollett's failure to meet the payments of the monthly installments. Its recordation in the county of the residence of Mollett was constructive notice to Ward of this provision. It vested in the Ashland Finance Company the same rights against Ward as it conferred upon it as to Mollett. General Motors Acceptance Corp. v. Shuey, 243 Ky. 74, 47 S. W. (2d) 968. Aside from this, Ward having taken possession of the truck, covered by the lien existing by virtue of the recorded conditional sales contract, without its knowledge or consent, is liable for its reasonable value. Ruby et al. v. Cox & Grayot et al., 191 Ky. 162, 229 S. W. 127; Hughes v. Graves, 1 Litt. 317; Osborn v. Taylor, 9 Ky. Law Rep. 495; Cooper v. McKee, 121 Ky. 287, 89 S. W. 203, 28 Ky. Law Rep. 270; Enterprise Foundry & Machine Works v. Miners' Elkhorn Coal Co. et al., 241 Ky. 779, 45 S. W. (2d) 470. Mollett had no right to dispose of the truck after he executed and

delivered the conditional sales contract in which the title was reserved to the seller and lien retained therein for his benefit, except with the· agreement and consent of the seller or the holder of the note secured by the lien under the conditional sales contract. Even if Ward, as to Mollett, was an innocent purchaser, and even though constructive notice of the existence of the provisions of the conditional sales contract was insufficient to constitute him a purchaser with notice so far as the Ashland Finance Company was concerned, its impartation to him of the information of the existence of the conditional sales contract, its rights thereunder, the recordation thereof, and its demand for the possession of the truck, were sufficient. His retention thereof after its demand for its possession renders him liable for the reasonable value of the property at least from that date. It follows the trial court erred in dismissing its petition as to Ward and allowing him a lien on the truck to secure the $100. The lien of the Ashland Finance Company, under the recorded conditional sales contract, is superior to any and all claims of Ward, and being regarded in equity as a purchaser, with notice in so far as the recorded lien of the Ashland Finance Company is concerned, his refusal to surrender the truck, when demand for it was made by the Ashland Finance Company, must be regarded as a conversion by him from and after that date. It was entitled to a personal judgment against him for the reasonable value of the truck, with interest from the date of the demand of its surrender by the Ashland Finance Company.

Judgment is reversed for proceedings consistent with this opinion.