## Bartley v. Tackett.

January 13, 1948.

R. Monroe Fields, Judge.

E. J. Picklesimer for appellant.

L. J. May for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In this action which was instituted by the appellant, Levi Bartley, there is involved the title to a tract of land in Pike County which was sold in 1932 to settle the estate of Dr. Willard Tackett. The record shows that Ben Roberts was high bidder at the commissioner's sale held in 1932, but Bartley's name appears above that of Roberts on the purchase bond. Bartley alleged that he made a cash payment of $265 on the land and executed bond for $440, which represented the remainder of the purchase price. When he instituted this action

in 1944 against Frank Tackett he tendered an amount which represented the balance of the purchase price plus interest. Ben Roberts testified that he was bidding for Bartley and would not have bid more than $450 for the land had he been bidding for himself.

Early in 1934 an execution was levied on the land in question and it was sold to satisfy the execution. We gather from the appellant's brief that Riley Hampton was high bidder at the sheriff's sale, but the record shows that the sheriff executed a deed to the appellee, Frank Tackett, for the land on January 20, 1934. Tackett explains this situation by saying that, while he was not present at either the sale held by the commissioner in 1932 or the one held by the sheriff in 1934, upon learning that the high bid at the sheriff's sale was inadequate he agreed to pay the balance of the original purchase price if a deed were executed to him, and this was done. Tackett immediately went upon the land, made various improvements thereon, listed and paid taxes on the property and claimed title to it under the sheriff's deed. Bartley admitted he knew Tackett had entered upon the land, made improvements thereon, and was claiming it. However, he appears to have made no claim to the land nor raised any objection to Tackett's actions until he instituted this action in 1944.

Bartley contends the sheriff had no right to make the levy in 1934 because he had only an equitable interest in the property at that time and because no deed was ever executed to him by the commissioner though the sale had been confirmed. In support of this proposition he cites the cases of Schmaus v. Whittemore, 155 Ky. 338, 159 S. W. 947, and Spears v. Weddington, 146 Ky. 434, 142 S. W. 679. On the other hand Tackett contends that, since there was no plea of fraud or mistake, Bartley must rely upon the strength of his own title to the property, regardless of the character of the title held by him. In this connection it may be said that at most Bartley's allegations show he was making claim to an equitable title to the property by virtue of the commissioner's sale in 1932, at which Ben Roberts was the high bidder.

The chancellor took the position that there may have been irregularities in the original proceedings

which could have been raised seasonably therein, if Bartley had sought to take advantage of them, but it appeared to him that, since Bartley had stood by silently for more than 10 years and permitted Tackett to make lasting and valuable improvements on the property, he had waived the irregularities and that:

"It would now be unjust and inequitable, under all the circumstances shown in this record, for plaintiff to be allowed to come in at this late date and reap what another man has sown in good faith." The chancellor concluded that Bartley is now estopped to assert any title to the property in dispute.

In view of the facts and circumstances heretofore related, we are of the opinion that the chancellor properly disposed of the case. At no time could Bartley have had more than an equitable interest in the property. He was well aware of Tackett's deed, his occupancy and improvement of the property, and for a decade he raised no question relative to irregularities in the original proceedings concerning the property.

Judgment affirmed.