**GARVIN et al.**

v.

**PYTHIAN MUT. INDUSTRIAL ASS'N et al.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

W. J. Goodwin, W. A. Armstrong, Donald E. Armstrong, Louisville, for appellants.

Lucian L. Johnson, Stephen A. Burnley, James W. Stites, Louisville, for appellees.

CAMMACK, Justice.

This action was instituted in 1949 by the appellants as stockholders of the Pythian Mutual Industrial Association, a corporation, in their own behalf and for all other stockholders, to have canceled a deed by which the Association transferred a large building at Tenth and Chestnut Streets in Louisville, in August, 1935, to the Pythian Dependent Widows and Orphans Aid. The shares of stock in the Association held by the appellants constituted approximately 1.3 per cent of the outstanding stock in 1935. The chancellor found against the appellants on the ground that they were guilty of laches and because they had notice of the transfer of the property.

On this appeal the appellants insist that the judgment should be reversed because the transfer of the property was made in violation of section 883b–3 of Carroll's Kentucky Statutes, in effect at that time. That statute provided that a corporation could sell and convey its real estate upon the consent of the holders of not less than three-fourths of the capital stock given in writing or by vote at a special meeting of stockholders called for that purpose.

The Association was organized in 1911. Sometime prior to 1915 it started raising funds to construct the building in question. Stock was sold to members and lodges at $5 per share. After 1915, the capital stock was increased from $50,000 to $100,000,

and additional stock was sold. Later, the capitalization was increased to $150,000 and again stock was sold to members and lodges. Bonds were issued to a title company which were paid eventually. By 1935 the Association was in dire financial circumstances, as were a great many enterprises after the depression. The Association was in arrears on its bonds and was delinquent in state and county taxes to the extent of some $10,000. Unsuccessful efforts were made to refinance the project in Louisville and an R.F.C. loan was sought. During these negotiations it developed that the organization would be in a better position for an R.F.C. loan if its property could be put in the hands of a charitable organization. A meeting of stockholders and lodge members was held in Russellville in July, 1935. At that meeting the stockholders adopted a resolution authorizing the transfer of the Association's building at Tenth and Chestnut Streets to the Pythian Dependent Widows and Orphans Aid, a charitable organization. In August, the Association executed a deed to the property to the charitable organization and that deed was put to record. A loan was secured from the R.F.C. and the charitable organization, which had no stockholders, was held by taxing authorities to be exempt from taxation. There was a reworking of the financial structure of the enterprise and the original bondholders received 38 cents on the dollar for their holdings. Since 1935, extensive improvements have been made upon the building.

The records and minutes of the stockholders' meetings of the Association for the middle 1930s have been lost or destroyed. There is proof that Mr. Barrickman, a reputable attorney of Shelbyville, now deceased, helped prepare notices to the stockholders before the property was transferred in 1935. On the other hand, there is proof from some of the appellants that they had no notice of the proposed transaction in 1935. There is proof for the appellants also that it was not until shortly before the filing of this action in 1949 that they learned of the transactions concerning the Tenth and Chestnut Streets property in the middle 1930s. The Association was hopelessly insolvent in 1935. The deed transferring the property to the charitable organization was put to record in that year. It seems inconceivable that members of the Association did not know or could not have learned of the transactions concerning the building and the financial structure of the Association. We think the chancellor properly dismissed the claim of the appellants because of laches. It was 14 years before they asserted their claim. The situation of the parties had changed materially. It would be impossible at this date for the parties to be restored to their original position. The holdings in the cases of Klineline v. Head, 205 Ky. 644, 266 S.W. 370; P. V. & K. Coal Co. v. Kelly, 301 Ky. 180, 191 S.W.2d 231; and Bartley v. Tackett, 306 Ky. 299, 207 S.W.2d 749, are applicable here.

Judgment affirmed.