**ODUM et al. v. CORNETT.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

Rehearing Denied April 30, 1954.

made out in the name of Florence Akeman. One of the tracts is referred to as the Turkey Creek Tract and the other as the Big Branch Tract. The Big Branch Tract was purchased in 1920 by Brant Akeman, the deceased husband of Florence Akeman, and the father of Arie, Avle and Eveda Akeman. The Turkey Creek Tract was purchased after Brant Akeman's death by his widow. She and the three infant children were named grantees in the deed and it contained a provision that, upon the death or remarriage of Florence Akeman, her one-fourth interest should pass to her three children. Florence Akeman married Cleve Odum in 1926. The Akemans owned no other land in Letcher County. Only one tax bill was made out for the taxes on the property. The annual taxes approximated $45. One tax deed for both tracts was executed to Lilley Cornett, in 1930. In 1937, two deeds were executed to him, one for each tract.

Prior to 1937, Cornett paid taxes on the land and made some improvements thereon. Mr. and Mrs. Odum and the Akeman children moved to Perry County in 1927. Later they moved to Harlan County, where they stayed until 1936. Early in 1937, the appellants entered upon the Turkey Creek Tract and shortly thereafter (in 1937) Cornett filed suit for damages for the wrongful entry and asked also that the appellants be enjoined and restrained from trespassing upon his land. The appellants answered, denying Cornett's title and asserted title in themselves. In December, 1937, Mrs. Odum, suing in her own right, and as guardian of her three children, filed an action against Cornett and Willie and Goldie Cole, who claimed under him, asserting ownership of the land. Cornett and the Coles filed an answer in that action, setting up claim to the land by virtue of the tax deeds to Cornett. The two actions were consolidated by consent of the parties. Judgment was entered in 1951 in the consolidated actions, holding that Cornett was the owner and entitled to the immediate possession of the Turkey Creek Tract and the Big Branch Tract. The appeal is from that judgment.

Stephen Combs, Jr., and J. L. Hays, Whitesburg, for appellants.

Napier & Napier, Hazard, for appellee.

CAMMACK, Justice.

Lilley Cornett became the purchaser of two tracts of land in Letcher County by virtue of a tax sale under a 1927 tax bill

The appellants challenge the correctness of the judgment because (1) of the manner in which the two tracts were assessed in the name of Florence Akeman; (2) the sheriff did not distrain any personal property owned by the appellants to satisfy the taxes; (3) the sheriff failed to send appellants a postal card notice within 15 days before the sale; (4) Cornett failed to give the appellants the necessary notice in writing within 50 days after the sale; (5) the appellants' right of redemption had not expired at the time the deeds were executed; (6) Cornett forfeited his right to his purchase by failure to give notice in writing within six months after the sheriff delivered him a certificate of purchase; (7) both tracts were sold when the sale of either would have realized sufficient funds to pay the delinquent taxes; (8) the property was insufficiently described in the certificate of sale; and (9) the three tax deeds did not pass title to the two tracts to Cornett because the names of the appellants were not listed in the body of those deeds.

■ There was a plea of fraud, misrepresentation and deceit on the part of Cornett in general terms, but we are unable to find from the record the basis for any such charge. At the outset, it is well to point out that there is a presumption of regularity which attaches to a tax deed and all prior proceedings under which it is acquired, and the parties attacking the deed have the burden of showing such irregularity as will render it invalid. Section 4030, Carroll's Kentucky Statutes, now KRS 134.570; Cornett v. Greever, 272 Ky. 241, 113 S.W.2d 1127.

■■ We do not think the listing of the two tracts of land in Florence Akeman's name for the taxes in 1927 was such an error as would void the tax deed. Mrs. Akeman and her children owned only two tracts of land and they were the ones upon which the taxes were assessed and levied. There is dispute in the proof as to notice of the tax delinquency and also as to Cornett's having paid the taxes and received a tax certificate. There is no dispute, however, that Cornett went to see Florence Akeman about a tax bill in 1927; his story being that she refused to let him in the house. It is clear also that the appellants moved away from Letcher County in 1927. None of the infants upon reaching maturity sought to redeem the land. The tax deeds recite that the sheriff could not find personal property to satisfy the taxes after he had demanded their payment and that he then levied upon the real estate. In the case of Bailey v. Napier, Ky., 117 S.W. 948, it was held that the purchaser's title was not affected because the sheriff levied on more property than was necessary to satisfy the delinquent taxes.

■ We find no pleading to support the contention that the three children's right of redemption had not expired. Likewise, there was no allegation that the property was insufficiently described in the certificate of sale. But, as we have noted, the appellants owned no other property in Letcher County, so it is not likely that the parties were misled by the description in the certificate. Again, there is no pleading to support the assertion that the deeds were void because the names of the children were not set out in the body of the deeds. The name of Florence Akeman did appear in the deed. She had an interest in the land and also she was guardian of the children.

■ We do not think that the appellants, who had abandoned the property for approximately a decade, should now be permitted to attack the validity of the deeds for the reasons they have advanced. Any irregularities appearing in the deeds, or in the proceedings leading up to the sale of the two tracts for taxes, if any there were, could have and should have been asserted timely. The appellants were guilty of laches. Klineline v. Head, 205 Ky. 644, 266 S.W. 370; P. V. & K. Coal Co. v. Kelly, 301 Ky. 180, 191 S.W.2d 231; Barrowman Coal Corporation v. Kentland Coal & Coke Co., 302 Ky. 803, 196 S.W.2d 428; and Bartley v. Tackett, 306 Ky. 299, 207 S.W.2d 749.

Judgment affirmed.